IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MURPHY INDUSTRIAL, INC. d/b/a INTERSTATE INDUSTRIAL SERVICES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| ESSEX INSURANCE COMPANY and HECTOR ALDANA, | § § § § | |
| Defendants | § § | |

### **DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Evanston Insurance Company[1] ("Evanston") and Hector Aldana ("Aldana") file this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully show the Court as follows:

### I.  BACKGROUND

1. This insurance coverage case arises out of state court litigation in which plaintiff Israel Lopez alleges that he was injured while working for Murphy Industrial, Inc. d/b/a Interstate Industrial Services ("Murphy").  In 2013, Lopez filed suit against Murphy in a case styled as:  Cause No. 2013-29423; *Israel Lopez v. Murphy Industrial, Inc. d/b/a Interstate Industrial Services*; In the 125th Judicial District Court of Harris County, Texas ("the Underlying Litigation").  Murphy sought defense and indemnity from its insurer, Evanston.  Evanston denied the request based on the terms of its policy.

---

[1] Evanston Insurance Company has merged with the originally named Defendant Essex Insurance Company.  As a result of the merger, Evanston has assumed all of Essex's risks and liabilities, including any and all liability under the insurance policy at issue in this case.  Evansto has previously advised all parties regarding the merger.

2. In 2016, three years after Evanston's denial of coverage, Murphy named it is a third-party defendant in the Underlying Litigation. Evanston moved to sever the claims against it and Aldana due to Texas' well-settled rules regarding joining insurance coverage issues in underlying tort litigation. Although the trial court denied severance, the First Court of Appeals granted mandamus relief. *In re Essex Ins. Co., et al*, No. 01-16-00552-CV (Tex. App. – Houston [1st Dist.] Nov. 8, 2016, orig. proceeding).

3. The underlying trial court ultimately granted the severance on December 2, 2016. On December 9, 2016 Evanston filed this Notice of Removal. As such, removal has been effected within thirty-days.

4. Pursuant to Local Rule 81 the following documents are being filed concurrently with this removal: the Index of Matters Being Filed (Exhibit 1); a Civil Case Cover Sheet (Exhibit 2); a copy of the Harris County Clerk's file for this case (Exhibit 3), which includes true and correct copies of all executed process, pleadings and orders, and Designation of Counsel (Exhibit 4).

## II. BASIS FOR REMOVAL

5. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A**.   **The Proper Parties Are Diverse**

6. Plaintiff Murphy Industrial, Inc. d/b/a Interstate Industrial Services is a Texas corporation. *See* Third-Party Petition at 1.

7. Evanston is an Illinois corporation and has its principal place of business in Deerfield, Illinois.

8. Hector Aldana is an individual and a citizen of the State of Virginia.

**B.     The Amount in Controversy Exceeds Jurisdictional Requirements.**

9.     This is a civil action in which the amount in controversy exceeds the jurisdictional limits of $75,000.00.  Murphy specifically alleges that Evanston is liable for breach of contract, bad faith, and violations of the Texas Insurance Code.  It has also alleged that the damages for these claims are between $200,000 and $1,000,000.  Third-Party Petition at para. 6.  Thus, the amount in controversy clearly exceeds $75,000.

**C.     Removal is Procedurally Correct.**

10.     The underlying state court issued an order severing these claims from the original action on December 2, 2016.  At that time the case become removable due to diversity of citizenship.  Because this Notice of Removal was filed within thirty-days of the severance order, removal is timely. 28 U.S.C. §1446(b)(3).

11.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

12.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing will be given to Plaintiff, the adverse party, as well as the Clerk of Harris County.

15.     Both Evanston and Aldana consent to this removal.

## III.    CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Evanston Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By:  /s/ *Jamie R. Carsey*
    Jamie R. Carsey, *Attorney-In-Charge*
    Texas State Bar No. 24045620
    Federal I.D. No. 567102
    *E-Mail:*  jcarsey@thompsoncoe.com
    Christopher H. Avery
    Texas State Bar No. 24069321
    Federal I.D. No. 1048590
    *E-Mail:* cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas   77056
(713) 403-8210  Telephone
(713) 403-8299  Facsimile

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that on the 9th day of December, 2016, a true and correct copy of the foregoing was delivered to counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure:

Mr. Ryan K. Haun
Haun Law Firm, P.C.
1201 Shepherd Drive
Houston, Texas 77007
Fax: (713) 781-8601
ryan@haunlawfirm.com

David V. Wilson II
LeClairRyan
1233 West Loop South, Suite 1000
Houston, Texas 77027
Fax: (713)650-0027
david.wilson@leclairryan.com

*Counsel for Plaintiff Murphy Industrial, Inc.*
*dba Interstate Industrial Services*


          /s/ *Christopher H. Avery*
Christopher H. Avery

2592053v1
03258.164