# EXHIBIT 3

# 2013-29423

**COURT:** 125th
**FILED DATE:** 5/16/2013
**CASE TYPE:** PERSONAL INJURY (NON-AUTO)



## LOPEZ, ISRAEL
Attorney: GIBSON, JASON A.

### vs.

## MURPHY DISTRIBUTIONS INC (DBA INTERSTATE

### Trial Settings

| Date | Comment |
|------|---------|
| 11/3/2014 | Docket Set For: Trial Setting |
| 3/16/2015 | Docket Set For: Trial Setting |
| 5/4/2015 | Docket Set For: Trial Setting |
| 7/6/2015 | Docket Set For: Trial Setting |
| 9/14/2015 | Docket Set For: Trial Setting |
| 2/15/2016 | Docket Set For: Trial Setting |
| 5/23/2016 | Docket Set For: Trial Setting |
| 9/19/2016 | Docket Set For: Trial Setting |

### Docket Sheet Entries

| Date | Comment |
|------|---------|
| 10/31/2013 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 11/4/2013 | RECUX - ORDER SIGNED RECUSING JUDGE |
| 11/4/2013 | TRANX - ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED |
| 11/8/2013 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 12/9/2013 | WDATX - ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED |
| 9/17/2014 | TRPOX - TRIAL PREPARATION ORDER SIGNED |
| 11/21/2014 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 11/21/2014 | ORTX - ORDER SIGNED RESETTING TRIAL |
| 1/14/2015 | TRPOX - TRIAL PREPARATION ORDER SIGNED |
| 2/12/2015 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 2/13/2015 | ORTX - ORDER SIGNED RESETTING TRIAL |

| 2/17/2015 | ORTX - ORDER SIGNED RESETTING TRIAL |
|---|---|
| 3/11/2015 | TRPOX - TRIAL PREPARATION ORDER SIGNED |
| 4/16/2015 | TRPOX - TRIAL PREPARATION ORDER SIGNED |
| 5/31/2015 | ORTX - ORDER SIGNED RESETTING TRIAL |
| 5/31/2015 | ORTX - ORDER SIGNED RESETTING TRIAL |
| 7/31/2015 | ORTX - ORDER SIGNED RESETTING TRIAL |
| 10/6/2015 | CAFX - ORDER SIGNED GRANTING TRIAL CONTINUANCE |
| 10/7/2015 | ORTX - ORDER SIGNED RESETTING TRIAL |
| 12/14/2015 | TRPOX - TRIAL PREPARATION ORDER SIGNED |
| 3/20/2016 | ORTX - ORDER SIGNED RESETTING TRIAL |
| 3/20/2016 | TRPOX - TRIAL PREPARATION ORDER SIGNED |
| 5/19/2016 | CAFX - ORDER SIGNED GRANTING TRIAL CONTINUANCE |
| 5/19/2016 | ORTX - ORDER SIGNED RESETTING TRIAL |
| 6/3/2016 | SEVRY - ORDER SIGNED DENYING MOTION FOR SEVERANCE |
| 6/3/2016 | MBTX - ORDER SIGNED GRANTING BIFURCATE TRIAL |
| 7/25/2016 | TRPOX - TRIAL PREPARATION ORDER SIGNED |
| 12/2/2016 | SPJUX - ORDER SIGNED SETTING ASIDE ORDER |
| 12/2/2016 | 4B - SEVERANCE ORDER SIGNED, PARTY REMOVED |



CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MURPHY DISTRIBUTIONS, INC. d/b/a | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES, | § | |
| *Defendant.* | § | IN THE ___ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

This action is filed on behalf of ISRAEL LOPEZ, Plaintiff, against MURPHY DISTRIBUTIONS, INC. D/B/A INTERSTATE INDUSTRIAL & FLEET SERVICES, Defendant. This action arises from the negligence and gross negligence of the Defendant. In support of Plaintiff's petition, Plaintiff submits the following:

### A. DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because this suit is not governed by Texas Rule of Civil Procedure 190.2 or 190.4.

### B. PARTIES

2.      Plaintiff is ISRAEL LOPEZ. Plaintiff is a resident of Houston, Texas, Harris County, Texas. Plaintiff may be served by and through his attorney of record: Orihuela & Associates, PLLC, Jose Luis Orihuela, P.O. Box 569, League City, Texas 77574.

3.      Defendant, MURPHY DISTRIBUTIONS, INC. D/B/A INTERSTATE INDUSTRIAL & FLEET SERVICES, is a business that does business in Harris County,

Texas. Defendant may be served through its registered agent, Donald W. Murphy, 4201 Langley, Houston, Texas 77093.

### C. JURISDICTION

4.      The amount in controversy is within the jurisdictional limits of this Court. In addition, the incident in question whereby Plaintiff was injured occurred in Harris County, Texas. Thus, jurisdiction in this Court is proper.

### D. VENUE

5.      The incident in question occurred in Houston, Texas. Thus, venue is proper.

### E. FACTS

6.      Plaintiff was injured on March 11, 2013 at Defendant's facility located on 4201 Langley, Houston, Texas.  Plaintiff was hired by Donald Murphy, an agent of the Defendant on March 9, 2013. Plaintiff was hired to paint the inside and outside of a chemical container with EPOXI liner so that the container would not erode due to the chemicals it stored.

7.      It is important to note, when Plaintiff was hired by Defendant, Defendant was going to pay Plaintiff cash. Defendant was not going to and never had the intention to report Plaintiff as an "official" employee.  Defendant's plan all along was to keep Plaintiff "off the books."  In addition, Defendant is a non subscriber to Texas Worker's Compensation, as such Defendant cannot bring certain defenses as stated by Tex. Labor Code § 406.033(a).

8.      In order for Plaintiff to complete his work, Defendant supplied Plaintiff with defective, inadequate, improperly maintained equipment. Specifically, Plaintiff was

supplied with a paint gun that did not have a pressure control device to control the force of the paint when painting. Defendant had knowledge that the paint gun was defective, but went ahead and had Mr. Lopez work with it anyways.

9.      On March 11, 2013, Plaintiff was using the paint gun. At the time of the incident, Plaintiff was testing the pain gun in a bucket near the chemical storage container.  At this time, the paint gun malfunctioned due to the lack of a pressure control device, which the Defendant knew was missing. As a result of the malfunction, epoxi liner sprayed all over Plaintiff's hand and due to the force went into his index finger. In other words, the epoxi liner penetrated his skin.

10.      Defendant was immediately made aware of Plaintiff's injury. Defendant said for him to find a way to go to the hospital. Plaintiff then went to a nearby hospital. Due to the epoxi liner penetrating his hand, Plaintiff's index finger became severely infected. It eventually had to be amputated.

11.      Plaintiff's injuries are severe and debilitating. Defendant was negligent in causing the accident in question. Defendant is liable for Plaintiff's injuries and related damages.

### F.  CAUSE OF ACTION: NEGLIGENCE

12.      Section E is incorporated here by reference.

13.      Herein, Plaintiff alleges negligence against the Defendant. Defendant owed Plaintiff a legal duty. Defendant committed various acts and omissions of negligence, which both individually and collectively were the proximate cause and producing causes of the occurrence and the injuries sustained by Plaintiff. Plaintiff is entitled to actual damages (economic and non-economic), nominal damages and

- 3 -

exemplary damages. Herein, Plaintiff pleads for recovery of all damages afforded to him under the law and seeks liquidated and un-liquidated damages within the jurisdictional limits of this Court.

### G. RESPONDEAT SUPERIOR LIABILITY

14.    Section E is incorporated here by reference.

15.    Plaintiff will show that the Defendant is an employer in this action.  An employer is vicariously liable for the torts of an employee acting within the scope of the employment even though the employer did not personally commit the tort.  Plaintiff was injured as a result of a tort.  The tortfeasors were employees of the Defendant.  The tort was committed while the employee was acting within the scope of employment.

### H. APPARENT AGENCY

16.    Section E is incorporated here by reference.

17.    In the alternative, Plaintiff will show that a principle can be held vicariously liable for the acts of its agents who are acting outside the scope of their authority, and for the acts of their non-agents.  This includes Defendant in this action. Defendant affirmatively held its agents or non-agents out as having authority to act on its behalf, Defendant knowingly permitted its agents or non-agents to hold themselves out as having authority, and/or Defendant acted with such lack of ordinary care as to clothe the agent or non-agent with the indicia of authority.  Defendant's conduct caused Plaintiff to reasonably believe that an agent or non-agent had the authority to act on the Defendant's behalf and Plaintiff justifiably relied on the agent or non-agents authority.

## I. DAMAGES

18.     Plaintiff's damages include all damages available under common and statutory law, including but not limited to, actual damages, exemplary damages, court costs, and interest.  Plaintiff also seeks unliquidated damages within the jurisdictional limits of this court.

## L. JURY DEMAND

19.     Plaintiff hereby asserts his right under the Texas Constitution and demands a trial by jury and herewith tenders the appropriate fee.

## G. PRAYER

20.     For these reasons, Plaintiff asks that the court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against defendant for the following:

      a.   actual damages;

      b.   exemplary damages;

      c.   prejudgment and post-judgment interest;

      d.   court costs;

      e.   lost wages;

      f.   lost earning capacity; and

      g.   all other relief to which plaintiff is entitled.

Herein, Plaintiff demands $500,000.00 for his personal injuries that make the basis of this lawsuit.

Respectfully submitted,

Jose Luis Orihuela
TX. Bar Roll No. 24066526
Orihuela & Associates, PLLC
P.O. Box 569
League City, Texas 77574
832- 425-0239 (office)
832-553-2762 (facsimile)
www.paininthecarwreck.com

Unofficial Copy Office of Chris Daniel District Clerk

Filed 13 June 14 A10:32
Chris Daniel - District Clerk
Harris County
ED101J017543238
By: Charlie Tezeno

CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| MURPHY DISTRIBUTIONS, INC. d/b/a | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES, | § | |
| Defendant | § | 129TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE MICHAEL GOMEZ:

Defendant, Murphy Distribution, Inc. d/b/a Interstate Industrial & Fleet Services ("Interstate"), misnamed as Murphy Distributions, Inc. d/b/a Interstate Industrial & Fleet Services, files this its Original Answer and would respectfully show the Court:

### I.
### GENERAL DENIAL

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Interstate generally denies all of the material allegations in Plaintiff's Original Petition, and demands strict proof thereof, as required by Texas law.

### II.
### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Interstate asserts the alleged incident and claimed damages made the basis of this suit were solely caused by the acts or omissions of third parties over whom Interstate had no control or right of control, or alternatively, that the acts or omissions of third parties contributed to and/or proximately caused the damages claimed by Plaintiff.

#### Second Affirmative Defense

Interstate pleads the affirmative defenses of contributory negligence, comparative

negligence, comparative causation and/or comparative responsibility, and would ask the Court to reduce any judgment against Interstate by the degree of negligence or causation attributed to Plaintiff, responsible third parties, or other parties as allowed by the laws of Texas.

### Third Affirmative Defense

Interstate asserts that at all times material, Plaintiff's alleged damages were proximately caused by the failure of Plaintiff to exercise ordinary care and Plaintiff's failure to reasonably mitigate his claimed damages.

### Fourth Affirmative Defense

Interstate pleads that Plaintiff's alleged damages were not proximately caused by the acts or omissions of Interstate.

### PRAYER

WHEREFORE, Defendant, Murphy Distribution, Inc. d/b/a Interstate Industrial & Fleet Services, respectfully prays that Plaintiff take nothing by reason of the allegations in Plaintiff's Original Petition and any subsequent petition, that all claims against Interstate be dismissed, and for such other and further relief, special or general, at law or in equity, to which Interstate may show itself justly entitled to receive.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: _Robert G. Dees_
    Robert G. Dees
    State Bar No. 05716430
    Julie R. Wilson
    State Bar No. 24070062
    808 Travis Street, 20th Floor
    Houston, Texas 77002
    Telephone:  (713) 632-1700
    Facsimile:  (713) 222-0101

Unofficial Copy Office of Chris Daniel District Clerk

ATTORNEYS FOR DEFENDANT,
MURPHY DISTRIBUTION, INC. d/b/a
INTERSTATE INDUSTRIAL & FLEET
SERVICES

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant's Original Answer was served on this the 14th day of June, 2013 upon the following counsel of record, via certified mail, return receipt requested and/or facsimile as follows:

Jose Luis Orihuela                          *Via Certified Mail-Return Receipt Requested*
Orihuela & Associates, PLLC                 *RRR No. 7010 1060 0002 4061 9302*
P.O. Box 569
League City, Texas 77574

_____
Robert G. Dees

Unofficial Copy Office of Chris Daniel District Clerk

Case No.  201329423

**DCORX**

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

       *
       *
       *
       *
       *

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

129th  JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **05/07/14** **JOINDER.**  All parties must be added and served, whether by amendment or third party practice, by this date.  THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.      **EXPERT WITNESS DESIGNATION.**  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
 (a) **08/04/14** Experts for parties seeking affirmative relief.
 (b) **09/03/14** All other experts.

3.      **STATUS CONFERENCE.**   Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.    TIME:
     Failure to appear will be grounds for dismissal for want of prosecution.

4.      **DISCOVERY LIMITATIONS.**  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
 (a)     Total hours per side for oral depositions.
 (b)     Number of interrogatories that may be served by each party on any other party.

5.      **ALTERNATIVE DISPUTE RESOLUTION.**
 (a) **09/03/14** By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
 (b) **10/20/14** ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **10/03/14** **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.      **DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.
 (a) **10/03/14** If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
 (b)     Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
 (c)     Rule 166a(i) motions may not be heard before this date.

8.      **CHALLENGES TO EXPERT TESTIMONY.**   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **09/03/14** **PLEADINGS.**  All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. **10/27/14** **PRE-TRIAL CONFERENCE DATE**
     Parties shall be prepared to discuss all aspects of trial with the court on this date.
     TIME: **1:00 PM** Failure to appear will be grounds for dismissal for want of prosecution.

11. **11/03/14** **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

**F I L E D**
Chris Daniel
District Clerk

OCT 31 2013

OCT 3 1 2013

SIGNED

MICHAEL GOMEZ
Judge, 129TH DISTRICT COURT
Date Generated   10/29/2013

ROBERT G. DEES
808 TRAVIS SUITE 1800
HOUSTON, TX  77002

5716430

**RECORDER'S MEMORANDUM**
This instrument is of poor quality

JCVO02

**FILED**
Chris Daniel
District Clerk

NOV 4 2013

Cause No. __2013-29423_____

R-1

RECUK

TRANX

Israel Lopez                              )         IN THE DISTRICT COURT
                                          )
v.                                        )         129TH JUDICIAL DISTRICT
                                          )
Murphy Distributions Inc.                 )         HARRIS COUNTY, TEXAS

ORDER OF RECUSAL AND TRANSFER

It is ORDERED that I recuse myself and refer this case to the
Administrative Judge of the Civil Trial Division for transfer to another court.

Signed _November  4_____, 2013.

NOV 0 4 2013

_____
Hon. Michael Gomez
Judge, 129th Judicial District Court

ORDER

It is ORDERED that the District Clerk of Harris County transfer the
above-styled and numbered cause from the 129th District Court to the _125th_
District Court.

Signed ___NOV 0 4 2013_____, 2012.
          11-4-13

_____
Hon. Robert Schaffer
Administrative Judge, Civil Division

*P 2*

Case No. 201329423

| | | |
|---|---|---|
| LOPEZ, ISRAEL | * | **DCORX** |
| | * | IN THE DISTRICT COURT OF |
| vs. | * | |
| | * | HARRIS COUNTY, TEXAS |
| MURPHY DISTRIBUTIONS INC (DBA | * | |
| | * | 125th   JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **05/07/14**   **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.
   (a) **08/04/14**   Experts for parties seeking affirmative relief.
   (b) **09/03/14**   All other experts.

3.   **STATUS CONFERENCE.** Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date. TIME: 
   Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.** The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
   (a)   Total hours per side for oral depositions.
   (b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
   (a) **09/03/14**   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.
   (b) **10/20/14**   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **10/03/14**   **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.** Must be heard by oral hearing or submission.
   (a) **10/03/14**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
   (b)   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
   (c)   Rule 166a(i) motions may not be heard before this date.

8.   **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **09/03/14**   **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10. **10/27/14**   **DOCKET CALL**
   Parties shall be prepared to discuss all aspects of trial with the court on this date.
   TIME: **08:30 AM**   Failure to appear will be grounds for dismissal for want of prosecution.

11. **11/03/14**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

ROBERT G. DEES
808 TRAVIS SUITE 1800
HOUSTON, TX 77002

5716430

KYLE CARTER
Judge, 125TH DISTRICT COURT
Date Generated   11/06/2013

**FILED**
Chris Daniel
District Clerk

NOV 0 8 2013

Time: _____

Harris County, Texas

By _____
Deputy

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of

JCVO02
rev.11202006

Filed 13 November 19 P2:22
Chris Daniel - District Clerk
Harris County
ED101J017827071
By: Rhonda Momon

*P1*
*WDATX*
*2-1*

CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| MURPHY DISTRIBUTIONS, INC. d/b/a | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES, | § | |
|     Defendant | § | 125TH JUDICIAL DISTRICT |

## ORDER GRANTING MOTION TO WITHDRAW

On this day the Court considered the Unopposed Motion to Withdraw as Attorney for

Murphy Distribution, Inc. d/b/a Interstate Industrial & Fleet Services of Robert G. Dees and

Patrick M. Bates of the law firm of Martin, Disiere, Jefferson & Wisdom, L.L.P.   After

reviewing the motion, the Court finds it should be GRANTED.

It is therefore ORDERED that Robert G. Dees, Patrick C. Bates and the law firm of

Martin, Disiere, Jefferson & Wisdom, L.L.P. (and any attorneys employed thereby) are permitted

to immediately withdraw from representing Defendant, Murphy Distribution, Inc. d/b/a Interstate

Industrial & Fleet Services, in any and all capacities in which these parties have appeared in this

case.

SIGNED this _____ day of _____, 2013.

DEC 0 9 2013

_____
THE HONORABLE KYLE CARTER

4294-0003
1043599

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

3/11/2014 2:49:57 PM
Chris Daniel - District Clerk Harris County
Envelope No. 684502
By: MELISSA TORRES

Cause No. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| MURPHY DISTRIBUTIONS, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES | § | 129th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE MICHAEL GOMEZ:

Plaintiff ISRAEL LOPEZ ("Plaintiff") brings this lawsuit complaining of MURPHY

DISTRIBUTIONS, INC d/b/a INTERSTATE INDUSTRIAL & FLEET SERVICES

("Defendant") and would respectfully show the following:

**I.**
## DISCOVERY LEVEL

1.      Plaintiff requests discovery be conducted under Level 3 in accordance with Rule

190.4 of the Texas Rules of Civil Procedure.  This case is not subject to Texas Rule of Civil

Procedure 169 because the damages for which Plaintiff seeks exceeds $100,000.00.

**II.**
## REQUEST FOR DISCLOSURE

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant disclose, within fifty (50) days of service of this request, the information and

material described in Rule 194.2 of the Texas Rules of Civil Procedure.  Plaintiff specifically

requests the responding party to produce responsive documents at the undersigned law

office within fifty (50) days of service of this request.

## III.
## PARTIES

3.      Plaintiff, ISRAEL LOPEZ, is a resident of Houston, Harris County, Texas.

4.      Defendant, MURPHY DISTRIBUTIONS, INC. d/b/a INTERSTATE INDUSTRIAL &

FLEET SERVICES, is a business organized and existing under the laws of the State of

Texas.  Defendant is authorized to do business in Texas and maintains a principal place

of business in Harris County, Texas.  Defendant may be served through its registered

agent, Donald W. Murphy, 4201 Langley, Houston, Texas 77093.

## IV.
## JURISDICTION

5.      This Court has jurisdiction over Defendant because Defendant has done business

in Texas, committed a tort in Texas, and/or has had continuous contacts with Texas.  In

addition, the damages for which Plaintiff brings suit exceeds the minimum jurisdictional

limits of the court.

## V.
## VENUE

6.      Venue is proper in Harris County, Texas because all or a substantial parts of the

events and omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC.

& REM. CODE § 15.002(a)(1). Further, Defendant MURPHY DISTRIBUTIONS, INC. d/b/a

INTERSTATE INDUSTRIAL & FLEET SERVICES maintains its principal office in Harris

County.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

## VI.
## FACTS

7.     Plaintiff was severely injured on March 11, 2013 at Defendant's facility located at 4201 Langley, Houston, Texas.  Plaintiff was hired by Donald on March 9, 2013.  Plaintiff was hired to paint the inside and outside of a chemical container with EPOXI liner so that the container would not erode due to the chemicals it stored.

8.     When Plaintiff was hired by Defendant, Defendant was going to pay Plaintiff cash. Defendant was not going to and never had the intention to report Plaintiff as an "official" employee.  Defendant's plan all along was to keep Plaintiff "off the books."  In addition, Defendant is a non subscriber to Texas Worker's Compensation, as such Defendant cannot bring certain defenses as stated by Tex. Labor Code § 406.033(a).

9.     In order for Plaintiff to complete his work, Defendant supplied Plaintiff with defective, inadequate, improperly maintained equipment. Specifically, Plaintiff was supplied with a paint gun that did not have a pressure control device to control the force the paint when painting. Defendant had knowledge that the paint gun was defective.

10.    On March 11, 2013, Plaintiff was using the paint gun. At the time of the incident, Plaintiff was testing the paint gun in a bucket near the chemical storage container.  At this time, the paint gun malfunctioned due to the lack of a pressure control device, which the Defendant knew was missing. As a result of the malfunction, epoxi liner sprayed all over Plaintiff's hand and due to the force went into his index finger. The epoxi liner penetrated his skin.

11.    Defendant was immediately made aware of Plaintiff's injury. Defendant said for him to find a way to go to the hospital.  Plaintiff then went to a nearby hospital. Due to the epoxi

liner penetrating his hand, Plaintiff's index finger became severely infected. It eventually had to be amputated.

12.     Plaintiff's injuries are severe and debilitating. Defendant was negligent in causing the accident in question. Defendant is liable for Plaintiff's injuries and related damages.

## VII.
## NEGLIGENCE

13.     Defendant owed certain duties to Plaintiff. Defendant breached its duties and was negligent in one or more of the following ways:

    a.     Failing to provide Plaintiff with proper equipment;

    b.     Failing to provide a reasonably safe and hazard-free work area;

    c.     Failing to provide adequate training for Plaintiff;

    d.     Failing to provide a pressure control device on the paint gun;

    e.     Failing to notify Plaintiff of defective equipment;

    f.     Failing to warn workers about unsafe and hazardous conditions resulting from conditions at Defendant's facility; and

    g.     Failing to have adequate policies and procedures regarding how to properly use the paint gun.

14.     Defendant's acts and omissions proximately caused Plaintiff's injuries.

## VIII.
## RESPONDEAT SUPERIOR

15.     Defendant is liable for the torts committed by their employees during the course and scope of their employment.  Specifically, Defendant's employees, acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work.  Such employees, however, failed to exercise the requisite standard of care under the circumstances.  As a result, Defendant is liable for the injuries suffered by Plaintiff.

Unofficial Copy Office of Chris Daniel District Clerk

## IX.
## PREMISES CLAIM BY INVITEE

16.     Defendant was the owner of the premises at 4201 Langley, Houston, Texas. Plaintiff, an invitee, entered defendant's premises with defendant's knowledge and for their mutual benefit.  A condition on the defendant's premises posed an unreasonable risk of harm.  Defendant knew or should have known of the dangerous condition.  Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.  Defendant breached the duty of ordinary care.  Defendant's breach of this duty proximately caused injury to Plaintiff.

## X.
## DAMAGES

17.     Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate him:

   a.     The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

   b.     The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

   c.     The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

   d.     The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

   e.     The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

   f.     The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

g.     The amount of reasonable medical expenses necessarily incurred in the past, and those that will be reasonably incurred in the future; and

h.     The loss of any earnings sustained by Plaintiff in the past, and the loss or reduction of Plaintiff's earning capacity in the future.

## XI.
## EXEMPLARY DAMAGES

18.     Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Furthermore, Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

19.     Nevertheless, Defendant proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff.  Therefore, Defendant is liable for exemplary/punitive damages.

## XII.
## JURY DEMAND

20.     Plaintiff DEMANDS A TRIAL BY JURY and submits the appropriate fee.

## XIII.
## CONDITIONS PRECEDENT

21.     All conditions precedent have been performed or have occurred as required by TEXAS RULE OF CIVIL PROCEDURE 54.

## XIV.
## PRAYER

22.     For the above reasons, Plaintiff prays for judgment against Defendant, with interest

on the judgment at the legal rate, pre-judgment interest, costs of court and for such other

further relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted

THE GIBSON LAW FIRM

Jason A. Gibson
State Bar No. 24000606
Clifford D. Peel, II
State Bar No. 24068776
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFF**

7

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of this document has been served on all counsel of record via first class regular mail, hand delivery or fax on March 11, 2014

_____
Jason A. Gibson

Unofficial Copy Office of Chris Daniel District Clerk

8



**FILED**
**Chris Daniel**
**District Clerk**

APR 16 2015   **TRPOX**

Time:_____
Harris County, Texas
By_____
Deputy

Cause No.  201329423

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

## TRIAL PREPARATION ORDER

☒   **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

☒   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be     **FILED/EXCHANGED**     by   **04-27-2015.**

☒   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

\* \* \* \* \* \*

☒   **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

☒   **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

☒   **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

☒   **Exhibits.** An exhibit list is required.  All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

☒   **Deposition Excerpts or Edited Videotapes.**   Designate page and line in sequence to be used at trial.

☒   **Motions in Limine.**

☒   **Trial Scheduling.**  Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

☒   **Other.**
    BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
    04-27-2015 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL
    RESULT IN THIS CAE BEING DISMISSED FOR WANT OF PROSECUTION.
    TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 05-04-2015.

Signed

DAVID VANDIVER II WILSON
1233 WEST LOOP SOUTH SUITE 1000
HOUSTON, TX  77027

KYLE CARTER
Judge, 125TH DISTRICT COURT
DATE GENERATED: 04/15/2015

786402

JCV001
rev.032802

4/16/15

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**F I L E D**
Chris Daniel
District Clerk

SEP 17 2014          TRPOX

Cause No.  201329423

Time: _____
Harris County, Texas
By_____
Deputy

LOPEZ, ISRAEL                           *          IN THE DISTRICT COURT OF

vs.                                     *          HARRIS COUNTY, TEXAS

MURPHY DISTRIBUTIONS INC (DBA           *          125th    JUDICIAL DISTRICT

## TRIAL PREPARATION ORDER

[X]  **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be     **FILED/EXCHANGED**     by   **10-27-2014.**

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

* * * * * *

[X]  **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

[X]  **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

[X]  **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

[X]  **Exhibits.** An exhibit list is required.  All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

[X]  **Deposition Excerpts or Edited Videotapes.**    Designate page and line in sequence to be used at trial.

[X]  **Motions in Limine.**

[X]  **Trial Scheduling.**   Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

[X]  **Other.**
   BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
   10-27-2014 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL
   RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION.
   TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 11-03-2014.

Signed

KYLE CARTER
Judge, 125TH DISTRICT COURT
DATE GENERATED: 09/16/2014

MURPHY DISTRIBUTIONS INC (DBA INTERSTATE INDUSTRIA
4201 LANGLEY
HOUSTON, TX  77093

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

JCV001
rev 032802

TRPOX

Cause No.  201329423

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

## TRIAL PREPARATION ORDER

[X]  **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be     **FILED/EXCHANGED**     by  **10-27-2014.**

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

* * * * * *

[X]  **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

[X]  **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

[X]  **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

[X]   **Exhibits.** An exhibit list is required. All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

[X]  **Deposition Excerpts or Edited Videotapes.**    Designate page and line in sequence to be used at trial.

[X]  **Motions in Limine.**

[X]  **Trial Scheduling.**  Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

[X]  **Other.**
   BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
   10-27-2014 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL
   RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION.
   TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 11-03-2014.

Signed

KYLE CARTER
Judge, 125TH DISTRICT COURT
DATE GENERATED: 09/16/2014

JOSE LUIS ORIHUELA
PO BOX 569
LEAGUE CITY, TX  77574

24066526

JCV001
rev 032802

Case No.  201329423

*P2*

**ORTX**

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  03-16-2015.

If the case has not been reached by the second Friday after this date, the trial will be

reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court

coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

KYLE CARTER   11/21/14

Judge, 125TH DISTRICT COURT

Generated on: 11/19/2014

**FILED**
Chris Daniel
District Clerk

NOV 21 2014

Time:

Harris County, Texas

By
Deputy

JOSE LUIS ORIHUELA
PO BOX 569
LEAGUE CITY, TX  77574

24066526

JCVF17
rev.12311999

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Case No.  201329423

**ORTX**

LOPEZ, ISRAEL                                          *      IN THE DISTRICT COURT OF
vs.                                                              *
MURPHY DISTRIBUTIONS INC (DBA          *      HARRIS COUNTY, TEXAS
                                                                *      125th    JUDICIAL DISTRICT

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  03-16-2015.

If the case has not been reached by the second Friday after this date, the trial will be

reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court

coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 11/19/2014

786402

DAVID VANDIVER II WILSON
1233 WEST LOOP SOUTH SUITE 1000
HOUSTON, TX  77027

JCVF17
rev.12311999

10/2/2014 1:55:38 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 2700541
By: GUTIERREZ, DANIELLE

Cause No. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| MURPHY DISTRIBUTIONS, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES | § | 125th JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFF'S AGREED MOTION FOR
## ENTRY OF NEW DOCKET CONTROL ORDER

The Court heard Plaintiff's Agreed Motion for Entry of New Docket Control Order.

After reviewing the pleadings, the evidence and arguments by counsel, if any, the Court

*GRANTS* Plaintiff's Motion.  The following Docket Control Order shall apply to this case

unless modified by the Court.  If no date is given below, the item is governed by the Texas

Rules of Civil Procedure.

1.              **JOINDER.**  All parties must be added and served, whether by
                amendment or third party practice, by this date.   THE PARTY
                CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS
                DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.              **EXPERT WITNESS DESIGNATION.** Expert witness designations are
                required and must be served by the following dates. The designation
                must include the information listed in Rule 194.2(f).  Failure to timely
                respond will be governed by Rule 193.6.
   11/3/14      Experts for parties seeking affirmative relief.
   12/3/14      All other experts.

3.   12/16/14   **ALTERNATIVE DISPUTE RESOLUTION.**
                By this date, the parties must either (1) file an agreement for ADR
                stating the form of ADR requested and a name of an agreed
                mediator, if applicable; or (2) set an objection to ADR.   If no
                agreement or objection is filed, the court may sign an ADR order.
                ADR conducted pursuant to the agreement of the parties must be
                conducted by this date.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

4.   1/30/15   **DISCOVERY PERIOD ENDS.**  All discovery must be conducted before the end of the discovery period.  Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period.  Counsel may conduct discovery beyond this deadline by Agreement.  Incomplete discovery will not delay the trial.

5.   1/30/15   **DISPOSITIVE MOTIONS AND PLEAS.**  Must be filed by oral hearing or submission by this date.  Rule 166a(i) motions may not be heard before this date.

6.   1/28/15   **CHALLENGES TO EXPERT TESTIMONY.**  All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

7.   2/16/15   **PLEADINGS.** All amendments and supplements must be filed by this date.  This order does not preclude prompt filing of pleadings directly responsive to any timely-filed pleadings.

8.   3/9/15   **DOCKET CALL.**  Parties shall be prepared to discuss all aspects of trial with the court on this date.
Time: 11:00am.

9.   3/16/15   **TRIAL.**  If not assigned by the second Friday following this date, the case will be reset.

SIGNED ON _____, 2014.




_____

HON. KYLE CARTER

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF CONFERENCE

All counsel of record have reviewed and agreed to the proposed scheduling order.

Agreed:

_____
Counsel for Plaintiff

___/s/ David V. Wilson_____
Counsel for Defendant

Unofficial Copy Office of Chris Daniel District Clerk

**F I L E D**
Chris Daniel
District Clerk

*P2*

JAN 1 4 2015   TRPOX

Cause No.  201329423

Time:_____
Harris County, Texas

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

\*
\*
\*
\*
\*

By_____ IN THE DISTRICT COURT OF
        Deputy

HARRIS COUNTY, TEXAS

125th   JUDICIAL DISTRICT

### TRIAL PREPARATION ORDER

☒   **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

☒   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be        **FILED/EXCHANGED**        by   **03-09-2015.**

☒   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

\* \* \* \* \* \*

☒   **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

☒   **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

☒   **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

☒   **Exhibits.** An exhibit list is required.  All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

☒   **Deposition Excerpts or Edited Videotapes.**   Designate page and line in sequence to be used at trial.

☒   **Motions in Limine.**

☒   **Trial Scheduling.**  Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

☒   **Other.**
BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
03-09-2015 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL
RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION.
TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 03-16-2015.

Signed

1/14/15

KYLE CARTER
Judge, 125TH DISTRICT COURT
DATE GENERATED: 01/13/2015

DAVID VANDIVER II WILSON
1233 WEST LOOP SOUTH SUITE 1000
HOUSTON, TX  77027

786402

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

JCV001
rev.032802

Cause No. 201329423                                      **TRPOX**

LOPEZ, ISRAEL                                  *          IN THE DISTRICT COURT OF
                                               *
vs.                                            *          HARRIS COUNTY, TEXAS
                                               *
MURPHY DISTRIBUTIONS INC (DBA                  *          125th   JUDICIAL DISTRICT

### TRIAL PREPARATION ORDER

☒   Pursuant to Rule 166 of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

☒   Pursuant to Rule 166 of the Texas Rules of Civil Procedure, the items that are checked below must be      **FILED/EXCHANGED**        by  **03-09-2015**.

☒   Pursuant to Rule 166 of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

* * * * * *

☒   **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

☒   **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

☒   **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

☒   **Exhibits.** An exhibit list is required.   All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

☒   **Deposition Excerpts or Edited Videotapes.**   Designate page and line in sequence to be used at trial.

☒   **Motions in Limine.**

☒   **Trial Scheduling.**   Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

☒   **Other**.
   BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
   03-09-2015 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL
   RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION.
   TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 03-16-2015.

Signed                                         KYLE CARTER
                                               Judge, 125TH DISTRICT COURT
                                               DATE GENERATED: 01/13/2015

                                               24066526

   *JOSE LUIS ORIHUELA*
   PO BOX 569
   LEAGUE CITY, TX  77574

                                                                    JCV001
                                                                    rev.032802

1/26/2015 10:23:15 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 3892201
By: GUTIERREZ, DANIELLE
Filed: 1/26/2015 10:23:15 AM

Cause No. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| MURPHY DISTRIBUTIONS, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES | § | 125th JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFF'S SECOND AGREED MOTION
## FOR ENTRY OF NEW DOCKET CONTROL ORDER

The Court heard Plaintiff's Agreed Motion for Entry of New Docket Control Order.

After reviewing the pleadings, the evidence and arguments by counsel, if any, the Court

*GRANTS* Plaintiff's Motion.  The following Docket Control Order shall apply to this case

unless modified by the Court.  If no date is given below, the item is governed by the Texas

Rules of Civil Procedure.

1.           **JOINDER.**  All parties must be added and served, whether by
             amendment or third party practice, by this date.   THE PARTY
             CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS
             DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.           **EXPERT WITNESS DESIGNATION.** Expert witness designations are
             required and must be served by the following dates.  The designation
             must include the information listed in Rule 194.2(f).  Failure to timely
             respond will be governed by Rule 193.6.
   2/6/15    Experts for parties seeking affirmative relief.
   3/6/15    All other experts.

3.   3/6/15  **ALTERNATIVE DISPUTE RESOLUTION.**
             By this date, the parties must either (1) file an agreement for ADR
             stating the form of ADR requested and a name of an agreed
             mediator, if applicable; or (2) set an objection to ADR.  If no
             agreement or objection is filed, the court may sign an ADR order.
             ADR conducted pursuant to the agreement of the parties must be
             conducted by this date.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

4.   3/27/15   **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by Agreement. Incomplete discovery will not delay the trial.

5.   4/10/15   **DISPOSITIVE MOTIONS AND PLEAS.** Must be filed by oral hearing or submission by this date. Rule 166a(i) motions may not be heard before this date.

6.   2/20/15   **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

7.   4/16/15   **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely-filed pleadings.

8.   4/27/15   **DOCKET CALL.** Parties shall be prepared to discuss all aspects of trial with the court on this date.
Time: 11:00am.

9.   5/4/15   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED ON _February 26_, 2015.


_____
HON. KYLE CARTER

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF CONFERENCE

All counsel of record have reviewed and agreed to the proposed scheduling order.

Agreed:

_____
Counsel for Plaintiff

_/s/  David V. Wilson_____
Counsel for Defendant

Unofficial Copy Office of Chris Daniel District Clerk

Case No.  2013294236

*P2*

**ORTX**

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th   JUDICIAL DISTRICT

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  05-04-2015.
If the case has not been reached by the second Friday after this date, the trial will be
reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court
coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

2/13/15

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 02/12/2015

**FILED**
Chris Daniel
District Clerk

FEB 16 2015

Time: _____
Harris County, Texas
By _____
Deputy

JOSE LUIS ORIHUELA
PO BOX 569
LEAGUE CITY, TX  77574

24066526

JCVF17
rev.12311999

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Case No.  201329423

ORTX

| | | |
|---|---|---|
| LOPEZ, ISRAEL | * | IN THE DISTRICT COURT OF |
| vs. | * | |
| MURPHY DISTRIBUTIONS INC (DBA | * | HARRIS COUNTY, TEXAS |
| | * | 125th    JUDICIAL DISTRICT |

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  05-04-2015.

If the case has not been reached by the second Friday after this date, the trial will be

reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court

coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 02/12/2015

Unofficial Copy Office of Chris Daniel District Clerk

**FILED**
Chris Daniel
District Clerk

FEB 17 2015

Time: _____
Harris County, Texas

By _____
Deputy

JOSE LUIS ORIHUELA
PO BOX 569
LEAGUE CITY, TX  77574

24066526

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

JCVF17
rev.12311999



**FILED**
Chris Daniel
District Clerk

MAR 11 2015

Time: _____
Harris County, Texas
By _____

TRPOX

Cause No. 201329423

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

*
*
*
*
*
*
*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

### TRIAL PREPARATION ORDER

☒   **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

☒   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be    **FILED/EXCHANGED**    by   **04-27-2015.**

☒   **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

*  *  *  *  *  *

☒   **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

☒   **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

☒   **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

☒   **Exhibits.** An exhibit list is required.  All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

☒   **Deposition Excerpts or Edited Videotapes.**   Designate page and line in sequence to be used at trial.

☒   **Motions in Limine.**

☒   **Trial Scheduling.**  Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

☒   **Other.**
   BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
   04-27-2015 AT 8:30 A.M.  FAILURE TO ATTEND DOCKET CALL WILL
   RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION.
   TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 05-04-2015

Signed

3/11/15

KYLE CARTER
Judge, 125TH DISTRICT COURT
DATE GENERATED: 03/10/2015

JOSE LUIS ORIHUELA
PO BOX 569
LEAGUE CITY, TX  77574

24066526

JCV001
rev.032802

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

3/11/2015 2:01:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4458219
By: Danielle Gutierrez
Filed: 3/11/2015 2:01:23 PM

Cause No. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | HARRIS COUNTY, T E X A S |
| | § | |
| MURPHY DISTRIBUTIONS, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES | § | 129th JUDICIAL DISTRICT |

### PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE KYLE CARTER:

Plaintiff ISRAEL LOPEZ ("Plaintiff") brings this lawsuit complaining of MURPHY

DISTRIBUTIONS, INC d/b/a INTERSTATE INDUSTRIAL & FLEET SERVICES

("Defendant") and would respectfully show the following:

### DISCOVERY LEVEL

1.      Plaintiff requests discovery be conducted under Level 3 in accordance with Rule

190.4 of the Texas Rules of Civil Procedure.  This case is not subject to Texas Rule of Civil

Procedure 169 because the damages for which Plaintiff seeks exceeds $100,000.00.

### II.
### REQUEST FOR DISCLOSURE

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant disclose, within fifty (50) days of service of this request, the information and

material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically

requests the responding party to produce responsive documents at the undersigned law

office within fifty (50) days of service of this request.

## III.
## PARTIES

3.     Plaintiff, ISRAEL LOPEZ, is a resident of Houston, Harris County, Texas.

4.     Defendant, MURPHY DISTRIBUTIONS, INC. d/b/a INTERSTATE INDUSTRIAL & FLEET SERVICES, is a business organized and existing under the laws of the State of Texas.  Defendant is authorized to do business in Texas and maintains a principal place of business in Harris County, Texas.  Defendant may be served through its registered agent, Donald W. Murphy, 4201 Langley, Houston, Texas 77093.

## IV.
## JURISDICTION

5.     This Court has jurisdiction over Defendant because Defendant has done business in Texas, committed a tort in Texas, and/or has had continuous contacts with Texas.  In addition, the damages for which Plaintiff brings suit exceeds the minimum jurisdictional limits of the court.

## V.
## VENUE

6.     Venue is proper in Harris County, Texas because all or a substantial parts of the events and omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Further, Defendant MURPHY DISTRIBUTIONS, INC. d/b/a INTERSTATE INDUSTRIAL & FLEET SERVICES maintains its principal office in Harris County.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

# VI.
## FACTS

7.     Israel Lopez ("Lopez") was severely injured on March 11, 2013 at Defendant's ("Murphy") facility located at 4201 Langley, Houston, Texas. Just a few days prior, Murphy hired Plaintiff to paint the inside and outside of a chemical container with epoxy liner to prevent the container from eroding due to the chemicals it stored.

8.     When Murphy hired Lopez, Murphy told Lopez he would be paid in cash. Murphy had no intention to report Lopez as an "official" employee and sought to keep Lopez "off the books." In addition, Murphy is a non subscriber to Texas Worker's Compensation and cannot bring certain defenses as stated by Tex. Labor Code § 406.033(a).

9.     On the date Lopez was injured, Murphy supplied Lopez with defective, inadequate, improperly maintained equipment. Specifically, Lopez was supplied with a pressurized paint gun improperly outfitted for the epoxy liner Lopez was instructed to paint with. The paint gun tip was too narrow to accommodate the thick epoxy liner and as a result, restricted paint flow.

10.     At the time of the incident, Plaintiff was testing the paint gun in a bucket near the chemical storage container. Due to the restricted paint flow, epoxy liner built up inside the gun until the several hundred pounds of pressure used to operate it forced toxic paint through the seams of the gun into Lopez's index finger.

11.     Murphy was immediately made aware of Lopez's injury but refused to provide any assistance. Due to the epoxy liner penetrating his hand, Lopez's index finger became severely infected. After considerable pain and suffering, the finger was amputated.

## VII.
## NEGLIGENCE

12.     Defendant owed certain duties to Plaintiff. Defendant breached its duties and was

negligent in one or more of the following ways:

   a.     Failing to provide Plaintiff with proper equipment;

   b.     Failing to provide a reasonably safe and hazard-free work area;

   c.     Failing to provide adequate training for Plaintiff;

   d.     Failing to provide a pressure control device on the paint gun;

   e.     Failing to notify Plaintiff of defective equipment;

   f.     Failing to warn workers about unsafe and hazardous
          conditions resulting from conditions at Defendant's facility; and

   g.     Failing to have adequate policies and procedures regarding
          how to properly use the paint gun.

13.     Defendant's acts and omissions proximately caused Plaintiff's injuries.

## VIII.
## RESPONDEAT SUPERIOR

14.     Defendant is liable for the torts committed by their employees during the course and

scope of their employment. Specifically, Defendant's employees, acting within the course

and scope of their employment (and in furtherance of Defendant's business), had a general

duty to exercise reasonable care in performing their work.  Such employees, however,

failed to exercise the requisite standard of care under the circumstances.  As a result,

Defendant is liable for the injuries suffered by Plaintiff.

4

## IX.
## PREMISES CLAIM BY INVITEE

15.     Defendant was the owner of the premises at 4201 Langley, Houston, Texas. Plaintiff, an invitee, entered defendant's premises with defendant's knowledge and for their mutual benefit.  A condition on the defendant's premises posed an unreasonable risk of harm. Defendant knew or should have known of the dangerous condition. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.  Defendant breached the duty of ordinary care. Defendant's breach of this duty proximately caused injury to Plaintiff.

## X.
## PREMISES CLAIM BY TRESPASSER

16.     Pleading in the alternative, to the extent Defendant contends Plaintiff was not an employee nor its invitee, Defendant still owed a duty to Plaintiff Israel Lopez as a trespasser or a tolerated trespasser. As the owner of the premises, Defendant owed Plaintiff a duty to prevent unreasonable risk of harm. Defendant breached its duty of ordinary care and the failure amounts to negligence and gross negligence. The result of this breach of duty to Plaintiff was a proximate cause of the injuries sustained by Plaintiff.

## XI.
## DAMAGES

17.     Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate him:

a.   The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

b.   The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

c.   The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

d.   The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

e.   The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

f.   The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

g.   The amount of reasonable medical expenses necessarily incurred in the past, and those that will be reasonably incurred in the future; and

h.   The loss of any earnings sustained by Plaintiff in the past, and the loss or reduction of Plaintiff's earning capacity in the future.

## XII.
## EXEMPLARY DAMAGES

18.   Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Furthermore, Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

19.   Nevertheless, Defendant proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff.   Therefore, Defendant is liable for exemplary/punitive damages.

6

## XIII.
## JURY DEMAND

20.    Plaintiff DEMANDS A TRIAL BY JURY and submits the appropriate fee.

## XIV.
## CONDITIONS PRECEDENT

21.    All conditions precedent have been performed or have occurred as required by

TEXAS RULE OF CIVIL PROCEDURE 54.

## XV.
## PRAYER

22.    For the above reasons, Plaintiff prays for judgment against Defendant, with interest

on the judgment at the legal rate, pre-judgment interest, costs of court and for such other

further relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

THE GIBSON LAW FIRM

Jason A. Gibson
State Bar No. 24000606
Casey L. Jordan
State Bar No. 24090599
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFF**

7

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been served on all counsel of record via first class regular mail, hand delivery or fax on March 11, 2015.

Jason A. Gibson

Unofficial Copy Office of Chris Daniel District Clerk

4/9/2015 4:49:22 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4834087
By: MELISSA TORRES
Filed: 4/9/2015 4:49:22 PM

Cause No. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| MURPHY DISTRIBUTIONS, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES | § | 129th JUDICIAL DISTRICT |

## PLAINTIFF'S THIRD AMENDED PETITION

TO THE HONORABLE KYLE CARTER:

Plaintiff ISRAEL LOPEZ ("Plaintiff") brings this lawsuit complaining of MURPHY

DISTRIBUTIONS, INC d/b/a INTERSTATE INDUSTRIAL & FLEET SERVICES

("Defendant") and would respectfully show the following:

### I.
### DISCOVERY LEVEL

1.     Plaintiff requests discovery be conducted under Level 3 in accordance with Rule

190.4 of the Texas Rules of Civil Procedure.  This case is not subject to Texas Rule of Civil

Procedure 169 because the damages for which Plaintiff seeks exceeds $100,000.00.

### II.
### REQUEST FOR DISCLOSURE

2.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant disclose, within fifty (50) days of service of this request, the information and

material described in Rule 194.2 of the Texas Rules of Civil Procedure. Plaintiff specifically

requests the responding party to produce responsive documents at the undersigned law

office within fifty (50) days of service of this request.

Unofficial Copy Office of Chris Daniel District Clerk

## III.
## PARTIES

3.      Plaintiff, ISRAEL LOPEZ, is a resident of Houston, Harris County, Texas.

4.      Defendant, MURPHY DISTRIBUTIONS, INC. d/b/a INTERSTATE INDUSTRIAL &

FLEET SERVICES, is a business organized and existing under the laws of the State of

Texas.  Defendant is authorized to do business in Texas and maintains a principal place

of business in Harris County, Texas.  Defendant may be served through its registered

agent, Donald W. Murphy, 4201 Langley, Houston, Texas 77093.

## IV.
## JURISDICTION

5.      This Court has jurisdiction over Defendant because Defendant has done business

in Texas, committed a tort in Texas, and/or has had continuous contacts with Texas.  In

addition, the damages for which Plaintiff brings suit exceeds the minimum jurisdictional

limits of the court.

## V.
## VENUE

6.      Venue is proper in Harris County, Texas because all or a substantial parts of the

events and omissions giving rise to the claim occurred in Harris County. TEX. CIV. PRAC.

& REM. CODE § 15.002(a)(1). Further, Defendant MURPHY DISTRIBUTIONS, INC. d/b/a

INTERSTATE INDUSTRIAL & FLEET SERVICES maintains its principal office in Harris

County.  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3).

2

## VI.
## FACTS

7.      Israel Lopez ("Lopez") was severely injured on March 11, 2013 at Defendant's ("Murphy") facility located at 4201 Langley, Houston, Texas. Plaintiff was a temporary worker providing paint services to Murphy unrelated to residential or commercial construction.

8.      On the date Lopez was injured, Murphy supplied Lopez with defective, inadequate, improperly maintained equipment. Murphy gave Lopez a pressurized paint gun improperly outfitted for the epoxy liner with which Lopez was instructed to paint. Specifically, The paint gun tip was too narrow to accommodate the thick epoxy liner and as a result, restricted paint flow.

9.      At the time of the incident, Plaintiff was testing the paint gun in a bucket near the chemical storage container. Due to the restricted paint flow, epoxy liner built up inside the gun until the several hundred pounds of pressure used to operate it forced toxic paint through the seams of the gun into Lopez's index finger.

10.     Murphy was immediately made aware of Lopez's injury but refused to provide any assistance. Due to the epoxy liner penetrating his hand, Lopez's index finger became severely infected. After considerable pain and suffering, the finger was amputated.

## VII.
## NEGLIGENCE

11.     Defendant owed certain duties to Plaintiff. Defendant breached its duties and was negligent in one or more of the following ways:

      a.      Failing to provide Plaintiff with proper equipment;

      b.      Failing to provide a reasonably safe and hazard-free work area;

3

    c.      Failing to provide adequate training for Plaintiff;

    d.      Failing to provide a pressure control device on the paint gun;

    e.      Failing to notify Plaintiff of defective equipment;

    f.      Failing to warn workers about unsafe and hazardous conditions resulting from conditions at Defendant's facility; and

    g.      Failing to have adequate policies and procedures regarding how to properly use the paint gun.

12.    Defendant's acts and omissions proximately caused Plaintiff's injuries.

## VIII.
## RESPONDEAT SUPERIOR

13.    Defendant is liable for the torts committed by their employees during the course and scope of their employment. Specifically, Defendant's employees, acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work. Such employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant is liable for the injuries suffered by Plaintiff.

## IX.
## PREMISES CLAIM BY INVITEE

14.    Defendant was the owner of the premises at 4201 Langley, Houston, Texas. Plaintiff, an invitee, entered defendant's premises with defendant's knowledge and for their mutual benefit. A condition on the defendant's premises posed an unreasonable risk of harm. Defendant knew or should have known of the dangerous condition. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care. Defendant's breach of this duty proximately caused injury to Plaintiff.

4

## X.
## PREMISES CLAIM BY TRESPASSER

15.     Pleading in the alternative, to the extent Defendant contends Plaintiff was not its invitee, Defendant still owed a duty to Plaintiff Israel Lopez as a trespasser or a tolerated trespasser. As the owner of the premises, Defendant owed Plaintiff a duty to prevent unreasonable risk of harm. Defendant breached its duty of ordinary care and the failure amounts to negligence and gross negligence. The result of this breach of duty to Plaintiff was a proximate cause of the injuries sustained by Plaintiff.

## XI.
## DAMAGES

16.     Plaintiff respectfully requests the following damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate him:

   a.     The physical pain and suffering Plaintiff has suffered in the past and will continue to suffer in the future;

   b.     The physical disfigurement Plaintiff has suffered in the past and will continue to suffer in the future;

   c.     The physical impairment Plaintiff has suffered in the past and will continue to suffer in the future;

   d.     The mental anguish Plaintiff has suffered in the past and will continue to suffer in the future;

   e.     The loss of opportunity Plaintiff has suffered in the past and will continue to suffer in the future;

   f.     The loss of enjoyment of life Plaintiff has suffered in the past and will continue to suffer in the future;

   g.     The amount of reasonable medical expenses necessarily incurred in the past, and those that will be reasonably incurred in the future; and

5

h.    The loss of any earnings sustained by Plaintiff in the past, and the loss or reduction of Plaintiff's earning capacity in the future.

## XII.
## EXEMPLARY DAMAGES

17.    Defendant's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Furthermore, Defendant's conduct illustrates not only an attitude of conscious indifference for the rights, safety and welfare of others, but also shows Defendant's actual and subjective awareness of the dangers of such conduct.

18.    Nevertheless, Defendant proceeded with a conscious indifference to the rights, safety or welfare of others, including Plaintiff.    Therefore, Defendant is liable for exemplary/punitive damages.

## XIII.
## JURY DEMAND

19.    Plaintiff DEMANDS A TRIAL BY JURY and submits the appropriate fee.

## XIV.
## CONDITIONS PRECEDENT

20.    All conditions precedent have been performed or have occurred as required by TEXAS RULE OF CIVIL PROCEDURE 54.

## XV.
## PRAYER

21.    For the above reasons, Plaintiff prays for judgment against Defendant, with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other further relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

THE GIBSON LAW FIRM



Jason A. Gibson
State Bar No. 24000606
Casey L. Jordan
State Bar No. 24090599
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Ph: (713) 650-1010
Fax: (713) 650-1011

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify a true and correct copy of this document has been served on all counsel of record via first class regular mail, hand delivery or fax on April 9, 2015.

Jason A. Gibson

7

**FILED**
Chris Daniel
District Clerk

APR 16 2015    TRPOX

Time: _____
Harris County, Texas

By _____
Deputy

Cause No. 201329423

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

## TRIAL PREPARATION ORDER

[X]  **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be    **FILED/EXCHANGED**    by  **04-27-2015.**

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

* * * * * *

[X]  **Party/Attorney List.**  Names, addresses, and phone numbers of each pro se party and attorney.

[X]  **Trial Witnesses List.**  The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

[X]  **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

[X]  **Exhibits.** An exhibit list is required. All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).  Objections to authenticity must be made pursuant to  Rule 193.7.

[X]  **Deposition Excerpts or Edited Videotapes.**  Designate page and line in sequence to be used at trial.

[X]  **Motions in Limine.**

[X]  **Trial Scheduling.**  Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

[X]  **Other.**
BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
04-27-2015 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL
RESULT IN THIS CAE BEING DISMISSED FOR WANT OF PROSECUTION.
TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 05-04-2015.

Signed

DAVID VANDIVER II WILSON
1233 WEST LOOP SOUTH SUITE 1000
HOUSTON, TX  77027

KYLE CARTER    4/16/15
Judge, 125TH DISTRICT COURT
DATE GENERATED: 04/15/2015

786402

JCV001
rev.032802

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Filed 15 June 01 A10:02
Chris Daniel - District Clerk
Harris County

Case No.  201329423

ORTX        Pgs-2

LOPEZ, ISRAEL                          *        IN THE DISTRICT COURT OF          ORTX

vs.                                    *

MURPHY DISTRIBUTIONS INC (DBA          *        HARRIS COUNTY, TEXAS

                                       *

                                       *        125th    JUDICIAL DISTRICT

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  07-06-2015.
If the case has not been reached by the second Friday after this date, the trial will be
reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court
coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

Signed: 5/31/2015

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 05/27/2015

Unofficial Copy Office of Chris Daniel District Clerk

Jose Luis Orihuela
PO Box 569
League City TX 77574-0569

24066526

JCVF17
rev.12311999

Filed 15 July 31 P3:51
Chris Daniel - District Clerk
Harris County

Case No.  201329423

ORTX                    Pgs-2

LOPEZ, ISRAEL                          *        IN THE DISTRICT COURT OF    ORTX

vs.                                    *

MURPHY DISTRIBUTIONS INC (DBA          *        HARRIS COUNTY, TEXAS

                                       *        125th    JUDICIAL DISTRICT

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  09-14-2015.

If the case has not been reached by the second Friday after this date, the trial will be

reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court

coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

Unofficial Copy Office of Chris Daniel District Clerk

Signed: 7/31/2015

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 07/29/2015

24066526

Jose Luis Orihuela
PO Box 569
League City TX 77574-0569

JCVF17
rev.12311999

8/21/2015 12:25:30 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6599502
By: DARNELL, BRADLEY K
Filed: 8/21/2015 12:25:30 PM

Cause No. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| MURPHY DISTRIBUTIONS, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL & | § | |
| FLEET SERVICES | § | 125th JUDICIAL DISTRICT |

*Pl*
*CAFX*

## ORDER GRANTING PLAINTIFF'S AGREED MOTION FOR CONTINUANCE

The Court heard Plaintiff's Motion for Continuance and Entry of New Docket Control

Order. After reviewing the pleadings, the evidence and arguments by counsel, if any, the

Court *GRANTS* Plaintiff's Agreed Motion For Continuance. The Court hereby *ORDERS* this

case to be removed from the September 14, 2015 two week trial docket and reset for the

2/15        , **2016** trial docket.

SIGNED ON   October   6        , 2015.

_____
HON. KYLE CARTER

Unofficial Copy Office of Chris Daniel District Clerk

Case No.  201329423

**ORTX**                     Pgs-

LOPEZ, ISRAEL                          *        IN THE DISTRICT COURT OF      ORTX

vs.                                    *

MURPHY DISTRIBUTIONS INC (DBA          *        HARRIS COUNTY, TEXAS

                                       *

                                       *        125th     JUDICIAL DISTRICT

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  02-15-2016.

If the case has not been reached by the second Friday after this date, the trial will be

reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court

coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

Signed:  10/7/2015

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 10/02/2015

Jose Luis Orihuela
PO Box 569
League City TX 77574-0569

24066526

JCVF17
rev.12311999

7

**TRPOX**  Pgs-

Cause No.  201329423

LOPEZ, ISRAEL       *      IN THE DISTRICT COURT OF

vs.       *      HARRIS COUNTY, TEXAS

MURPHY DISTRIBUTIONS INC (DBA       *      125th  JUDICIAL DISTRICT

## TRIAL PREPARATION ORDER

☒ **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

☒ **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be **FILED/EXCHANGED** by **02-08-2016.**

☒ **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

\* \* \* \* \* \*

☒ **Party/Attorney List.** Names, addresses, and phone numbers of each pro se party and attorney.

☒ **Trial Witnesses List.** The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

☒ **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

☒ **Exhibits.** An exhibit list is required. All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance). Objections to authenticity must be made pursuant to  Rule 193.7.

☒ **Deposition Excerpts or Edited Videotapes.** Designate page and line in sequence to be used at trial.

☒ **Motions in Limine.**

☒ **Trial Scheduling.** Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

☒ **Other.**
  BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR _____
  02-08-2016 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL _____
  RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION. _____
  TRIAL IS SET FOR THE TWO - WEEK PERIOD BEGINNING 02-15-2016. _____

Signed  

Signed: 12/14/2015

DAVID VANDIVER II WILSON
1233 West Loop S Ste 1000
Houston TX 77027-9109

KYLE CARTER
Judge, 125TH DISTRICT COURT
DATE GENERATED: 12/11/2015

786402

3

JCV001
rev.032802

3/1/2016 9:51:05 /
Chris Daniel - District Clerk Harris Cou
Envelope No. 93652
By: Brianna Denm
Filed: 3/1/2016 9:51:05 /

CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

---

## DEFENDANT'S THIRD-PARTY PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Murphy Industrial, Inc. d/b/a Interstate Industrial Services, hereinafter referred to as Third-Party Plaintiff, complaining of Essex Insurance Company ("Essex") and Hector Aldana ("Aldana") (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.      Third-Party Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Third-Party Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.      Third-Party Plaintiff is a corporation doing business in Harris County, Texas.

3.      Defendant Essex is a foreign insurance company engaging in the business of insurance in the State of Texas.  Essex may be served with citation by serving the Commissioner

of the Texas Department of Insurance by certified or regular mail at 333 Guadalupe, Austin, Texas 78701.  The Comissioner will then forward the citation and a copy of this Petition to Essex Insurance Company, to the attention of Gerard Albanese, President, at 4521 Highwoods Parkway, Glen Allen, Virginia 23060-6146.

4.      Defendant Aldana is an individual residing in Virginia and may be served with process at the following address: 4521 Highwoods Parkway, Glen Allen, Virginia 23060.

5.      The Clerk is requested to issue Citations.

**JURISDICTION**

6.      Third-Party Plaintiff stipulates that the damages in this matter are between $200,000 and $1,000,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court.   Third-Party Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this stipulation as required by TEX.R.CIV.P. 47.

7.      The court has jurisdiction over Defendant Essex because this Defendant engages in the business of insurance in the State of Texas and Third-Party Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

8.      The court has jurisdiction over Defendant Aldana because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Third-Party Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

**VENUE**

9.      Venue is proper in Harris County, Texas, because all of a substantial part of the events  or  omissions  giving  rise  to  the  claim  occurred  in  Harris  County,  Texas. TEX.CIV.PRAC.REM.CODE §15.032.

---

## FACTS

10.     Third-Party Plaintiff is the owner of a Commercial General Liability insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Essex.  The Policy issued by Essex bears policy number 3DM8525-0.

11.     Third-Party Plaintiff Murphy was named as a Defendant in this lawsuit.  Plaintiff Israel Lopez seeks damages from Murphy for personal injuries allegedly incurred on March 11, 2013 on the premises of Third-Party Plaintiff Murphy, located at 4201 Langley, Houston, Texas. *See Plaintiff's Third Amended Petition*, ¶7.  *Plaintiff's Third Amended Petition*, which is the current live pleading filed by Plaintiff in this lawsuit, alleges causes of action against Third-Party Plaintiff Murphy for both a "premises claim by invitee" and a "premises claim by trespasser." *Id.*, ¶14-15.

12.     Plaintiff Lopez's first premises claim, "premises claim by invitee," alleges the following premises liability cause of action:

> A condition on the defendant's premises posed an unreasonable risk of harm. Defendant knew or should have known of the dangerous condition.  Defendant had a duty to use ordinary care to ensure that the premises did not pose a danger to Plaintiff.  This duty includes the duty to inspect and the duty to warn or cure. Defendant breached the duty of ordinary care.  Defendant's breach of this duty proximately caused injury to Plaintiff.

*See Plaintiff's Third Amended Petition*, ¶14. This allegation is sufficient to trigger coverage for both defense and indemnity under the Policy issued by Essex.

13.     Plaintiff Lopez's second premises claim, "premises claim by trespasser" alleges a second alternative premises theory against Third-Party Plaintiff Murphy:

> Pleading in the alternative, to the extent Defendant contends Plaintiff was not its invitee, Defendant still owed a duty to Plaintiff Israel Lopez as a trespasser or a tolerated trespasser.  As the owner of the premises, Defendant owed Plaintiff a duty to prevent unreasonable risk of harm.  Defendant breached its duty of ordinary care and the failure amounts to negligence and gross negligence.  The

result of this breach of duty to Plaintiff was a proximate cause of the injuries sustained by Plaintiff.

*See Plaintiff's Third Amended Petition*, ¶14.  This allegation is sufficient to trigger coverage for both defense and indemnity under the Policy issued by Essex.

14.     Third-Party Plaintiff Murphy timely forwarded the lawsuit to Essex after suit was served on it.  Third-Party Defendant Essex denied Third-Party Plaintiff Murphy's demand for defense and indemnity multiple times.  Third-Party Defendant Essex has refused to participate in the lawsuit and has refused to attend mediation in this matter.

15.     Initially, Third-Party Defendant Essex assigned Third-Party Defendant Hector Aldana to adjust Third-Party Plaintiff Murphy's claim for defense and indemnity.  Third-Party Defendant Aldana wrongly denied Third-Party Plaintiff Murphy claim, citing inapplicable policy provisions as the basis for Third-Party Defendants' wrongful denial of Third-Party Plaintiff Murphy's claim.  Inexplicably, Defendant Aldana denied Third-Party Plaintiff Murphy's claim based, at least in part, on the "pollution" exclusion which does not cover "bodily injury" caused by "asbestos, lead, silica dust, dust and/or toxic dust, "fungi", bacterial, organic pathogens, bio-organic growth and or systemic chemical poisoning."  The undisputed facts in this case plainly establish that none of these alleged pollutants were present, much less caused or contributed, to Plaintiff Lopez' alleged injuries.  Third-Party Defendants Essex and Aldana plainly misrepresented the terms of the Policy to Third-Party Plaintiff in order to support their wrongful denial of Third-Party Plaintiff's claim for defense and indemnity.  This act committed by Third-Party Defendants Essex and Aldana constitutes a misrepresentation of the Policy's terms and conditions.

16.     Further, Third-Party Defendants Essex and Aldana improperly denied Third-Party Plaintiff Murphy's claim based on the Construction Risk Coverage Amendment.  Third-Party

---

*Defendant's Third Party Petition*

Defendants contend that Plaintiff Israel Lopez was a "contractor, self-employed contractor, and/or subcontractor you hire to perform work on your behalf, or any of their employees or workers, whether leased, contracted, temporary or volunteer." Third-Party Defendants Essex and Aldana have improperly attempted to deny a claim based on facts that are not alleged by the parties in the current live pleadings. Further, Third-Party Defendant Essex would still owe a duty to defend and indemnify Third-Party Plaintiff Murphy because the premises liability theories alleged by Plaintiff are sufficient to trigger coverage, absent the Construction Risk Endorsement Language cited by Third-Party Defendants. Again, Third-Party Defendants Essex and Aldana have misrepresented the Policy's terms and conditions to support a wrongful denial of Third-Party Plaintiff Murphy's claims for defense and indemnity. Further, Third-Party Defendants Essex and Aldana are improperly attempting to pre-litigate the facts of the case to reach an outcome favorable to Third-Party Defendants, namely a denial of Third-Party Plaintiff Murphy's claim.

17.     Third-Party Defendants Essex and Aldana misrepresented to Third-Party Plaintiff Murphy that its claims were not covered under the Policy, even though the occurrence should have been covered. Third-Party Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

18.     Third-Party Defendant Essex failed to make an attempt to settle Third-Party Plaintiff Murphy's claim in a fair manner, although Third-Party Defendant Essex was aware of its liability to Third-Party Plaintiff under the Policy. Third-Party Defendant Essex's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

---

19.     Third-Party Defendants Essex and Aldana failed to explain to Third-Party Plaintiff Murphy the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Third-Party Plaintiff Murphy adequate compensation, without any valid explanation why full payment was not being made.  Furthermore, Third-Party Defendants Essex and Aldana did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Third-Party Defendants Essex and Aldana provide any valid explanation for the failure to adequately settle Third-Party Plaintiff Murphy's claim.  Third-Party Defendants Essex and Aldana's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a)(3).

20.     Third-Party Defendant Essex failed to accept or deny Third-Party Plaintiff Murphy's full and entire claim within the statutorily mandated time of receiving all necessary information.   Third-Party Defendant Essex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.TEX.INS.CODE §542.056.

21.     Third-Party Defendant Essex failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Third-Party Defendant Essex has delayed full payment of Third-Party Plaintiff Murphy's claim longer than allowed and, to date, Third-Party Plaintiff Murphy has not yet received full payment for its claim.  Defendant Essex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.058.

22.     From and after the time Third-Party Plaintiff's claim was presented to Third-Party Defendant Essex, the liability of Third-Party Defendant Essex to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Third-Party Defendant Essex has refused to pay Third-Party Plaintiff Murphy in full, despite there being no basis whatsoever on

---

*Defendant's Third Party Petition*                                                                                                 Page 6

which a reasonable insurance company would have relied on to deny the full payment.  Third-Party Defendant Essex's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23.     As a result of Third Party Defendants' wrongful acts and omissions, Third-Party Plaintiff was forced to retain the professional services of the law firm who is representing Third-Party Plaintiff with respect to these causes of action.

24.     Third-Party Plaintiff's experience regarding their claim with Third-Party Defendant Essex is not an isolated case.  The acts and omissions Third-Party Defendant Essex committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Third-Party Defendant Essex with regard to handling these types of claims.  Third-Party Defendant Essex's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of their policyholders.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST THIRD-PARTY DEFENDANT ESSEX

#### DECLARATORY RELIEF

25.     An actual controversy exists between Third-Party Plaintiff Murphy and Third-Party Defendant Essex with respect to their rights and obligations under the Policy.  In particular, a dispute exists as to whether the allegations asserted by Plaintiff Lopez sufficiently allege a claim for "bodily injury" caused by an "occurrence" within the policy period.

26.     Third-Party Plaintiff Murphy seeks a declaration that Third-Party Defendant Essex is obligated to provide a defense and indemnity to Third-Party Plaintiff Murphy.

### Breach of Contract

27. The Policy sets forth contractual obligations on the part of Third-Party Defendant Essex to defend and indemnify Third-Party Plaintiff Murphy in connection with liability exposures when allegations against Third-Party Plaintiff Murphy exist for a covered loss and no exclusions in the Policy bar coverage.

28. Third-Party Defendant Essex breached its insurance contract with Third-Party Plaintiff Murphy by failing to pay defense costs in connection with this lawsuit. In particular, the lawsuit filed by Plaintiff Lopez falls within the coverage afforded by one or more of the policies and no exclusions apply to negate coverage. In addition, all conditions in the policies either were satisfied or waived by Third-Party Defendant Essex.

### Texas Insurance Code Violations

29. Third-Party Defendant Essex's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

30. Third-Party Defendant Essex's unfair settlement practice, as described above, of misrepresenting to Third-Party Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

31. Third-Party Defendant Essex's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Third-Party Defendant Essex's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

---

32.     Third-Party Defendant Essex's unfair settlement practice, as described above, of failing to promptly provide Third-Party Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(3).

33.     Third-Party Defendant Essex's failure to notify Third-Party Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims within the applicable time constraints and a violation of the TEX.INS.CODE §542.056.

34.     Third-Party Defendant Essex's delay of the payment of Third-Party Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims.  TEX.INS.CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.     Third-Party Defendant Essex's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

36.     Third-Party Defendant Essex's failure, as described above, to adequately and reasonably investigate and evaluate Third-Party Plaintiff's claim, although, at that time, Third-Party Defendant Essex knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

### CAUSES OF ACTION AGAINST THIRD-PARTY DEFENDANT ALDANA

### VIOLATIONS OF THE TEXAS INSURANCE CODE

37.     Third-Party Defendant Aldana's unfair settlement practice, as described above, of misrepresenting to Third-Party Plaintiff Murphy material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(a)(1).

38.     Third-Party Defendant Aldana's unfair settlement practice, as described above, of failing to promptly provide Third-Party Plaintiff Murphy with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(a)(3).

### KNOWLEDGE

39.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Third-Party Plaintiff Murphy's damages described herein.

### DAMAGES

40.     Third-Party Plaintiff Murphy will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Third-Party Plaintiff.

41.     For breach of contract, Third-Party Plaintiff Murphy is entitled to regain the benefit of Third-Party Plaintiff's bargain, which is the amount of Third-Party Plaintiff's claim, together with attorney fees.

---

*Defendant's Third Party Petition*                                                                    Page 10

42.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Third-Party Plaintiff Murphy is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Third-Party Plaintiff asks for three times Third-Party Plaintiff's actual damages.  TEX.INS.CODE §541.152.

43.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Third-Party Plaintiff Murphy is entitled to the amount of Third-Party Plaintiff' claim, as well as eighteen (18) percent interest per annum of the amount of Third-Party Plaintiff's claim as damages, together with attorney's fees.  TEX.INS.CODE §542.060.

44.     For breach of the common law duty of good faith and fair dealing, Third-Party Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of its duties, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owes, exemplary damages and damages for emotional distress.

45.     For declaratory relief, Third-Party Plaintiff Murphy is entitled to its reasonably and necessary attorney's fees that are equitable and just, as well as costs of court.

46.     For the prosecution and collection of this claim, Third-Party Plaintiff Murphy has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Third-Party Plaintiff is entitled to recover a sum for the reasonable and necessary services of Third-Party Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

---

**REQUEST FOR DISCLOSURE**

47.     Pursuant to Texas Rule of Civil Procedure 194, Third-Party Plaintiff requests that Third-Party Defendants disclose the information or material described in Rule 194.2.

**MOTION TO COMPEL MEDIATION**

48.     Pursuant to section 541.161 of the Texas Insurance Code, Third-Party Plaintiff moves this Court for an order compelling the mediation of this dispute.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Third-Party Plaintiff pray that upon trial hereof, said Third-Party Plaintiff have and recover such sums as would reasonably and justly compensate Third-Party Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Third-Party Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expends on its behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Third-Party Plaintiff may show itself to be justly entitled.

---

*Defendant's Third Party Petition*                                                              Page 12

Respectfully submitted,

**HAUN LAW FIRM, P.C.**

By: /s/ *Ryan K. Haun*

        RYAN K. HAUN
        State Bar No.: 24055634
        1201 Shepherd Drive
        Houston, Texas 77007
        (713) 781-8600- Telephone
        (713) 781-8601- Fax
        ryan@haunlawfirm.com

        **ATTORNEY FOR MURPHY INDUSTRIAL, INC.
        D/B/A INTERSTATE INDUSTRIAL SERVICES**

**LECLAIRRYAN**

By: /s/ *David V. Wilson II*

        DAVID V. WILSON II
        State Bar No.: 00786402
        1233 West Loop South, Suite 1000
        Houston, Texas 77027
        (713) 752-8630- Telephone
        (713) 650-0027- Fax
        david.wilson@leclairryan.com

        **ATTORNEY FOR MURPHY INDUSTRIAL, INC.
        D/B/A INTERSTATE INDUSTRIAL SERVICES**

Unofficial Copy Office of Christi Daniel District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by U.S. Mail, certified mail return receipt requested, hand delivery, or by telecopy on this 1ˢᵗ day of March, 2016, to the following counsel of record:

*Via Fascimile:  (832) 553-2762*
Jose Luis Orihuela
Orihuela & Associates, PLLC
P.O. Box 569
League City, Texas 77574

*Via Fascimile: (713) 650-1011*
Jason A. Gibson
Casey L. Jordan
The Gibson Law Firm
The Lyric Center
440 Louisiana, Suite 2400
Houston, Texas 77002

                              */s/ Ryan K. Haun* _____
                              Ryan K. Haun

---

*Defendant's Third Party Petition*                                    Page 14

**TRPOX**          Pgs-3

Cause No.  201329423

TRPO

| LOPEZ, ISRAEL | * | IN THE DISTRICT COURT OF |
| vs. | * | HARRIS COUNTY, TEXAS |
| MURPHY DISTRIBUTIONS INC (DBA | * | 125th   JUDICIAL DISTRICT |

## TRIAL PREPARATION ORDER

[X]  **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be          **FILED/EXCHANGED**          by  **05-16-2016.**

[X]  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

* * * * * *

[X]  **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

[X]  **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

[X]  **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

[X]  **Exhibits.** An exhibit list is required. All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

[X]  **Deposition Excerpts or Edited Videotapes.**   Designate page and line in sequence to be used at trial.

[X]  **Motions in Limine.**

[X]  **Trial Scheduling.**   Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

[X]  **Other.**
   BRING ALL OF THE ABOVE TO DOCKET CALL DOCKET CALL IS SET FOR
   05-16-2016 AT 8:30 A.M. FAILURE TO ATTEND DOCKET CALL WILL
   RESULT IN THIS CASE BEING DISMISSED FOR WANT OF PROSECUTION.
   TRIAL IS SET FOR THE TWO - WEEK PEROID BEGINNING 05-23-2016.

Signed                                                  Signed: 3/20/2016

RYAN KEITH HAUN
1201 SHEPHERD DR
HOUSTON TX 77007-5429

KYLE CARTER
Judge, 125TH DISTRICT COURT
DATE GENERATED: 03/15/2016

2

24055634

JCV001
rev.032802

Case No.  201329423

**ORTX**

Pgs-

ORTX

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

*
*
*
*
*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  05-23-2016.
If the case has not been reached by the second Friday after this date, the trial will be
reset. All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions regarding this notice, please contact the court
coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

Signed:  3/20/2016

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 03/11/2016

RYAN KEITH HAUN
1201 SHEPHERD DR
HOUSTON TX 77007-5429

24055634

2

JCVF17
rev.12311999

5/13/2016 5:03:50
Chris Daniel - District Clerk Harris Cou
Envelope No. 106338
By: bradley dar
Filed: 5/13/2016 5:03:50

**CAUSE NO. 2013-29423**

| | | |
|---|---|---|
| **ISRAEL LOPEZ,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **MURPHY INDUSTRIAL, INC. D/B/A** | § | |
| **INTERSTATE INDUSTRIAL SERVICES,** | § | |
| | § | |
| *Defendant* | § | |
| _____ | § | **HARRIS COUNTY, T E X A S** |
| | § | |
| **MURPHY INDUSTRIAL, INC. D/B/A** | § | |
| **INTERSTATE INDUSTRIAL SERVICES,** | § | |
| | § | |
| *Third-Party Plaintiff* | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **ESSEX INSURANCE COMPANY and** | § | |
| **HECTOR ALDANA,** | § | |
| | § | |
| *Third-Party Defendants* | § | **125TH  JUDICIAL  DISTRICT** |

**THIRD-PARTY DEFENDANTS' GENERAL DENIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Third-Party Defendants Essex Insurance Company ("Essex") and Hector Aldana ("Aldana") file this General Denial to Third-Party Plaintiff Murphy Industrial, Inc. d/b/a Interstate Industrial Services' ("Murphy") Third-Party Petition and respectfully show as follows:

**GENERAL DENIAL**

1.     Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully request that Plaintiff be required to prove the charges and

allegations made against Defendants by a preponderance of the evidence as is required by the Constitution and Laws of the State of Texas.

**JURY DEMAND**

2.      Defendants demand a jury trial in this case.

**PRAYER**

Third-Party Defendants Essex and Aldana pray that Murphy takes nothing by this suit, that they recover their costs, and that they receive such other and further relief, general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Jamie R. Carsey*
       Jamie R. Carsey
       Texas State Bar No.  24045620
       *E-Mail:  jcarsey@thompsoncoe.com*
       Cyrus W. Haralson
       Texas State Bar No. 24065371
       *E-Mail:  charalson@thompsoncoe.com*
       One Riverway, Suite 1400
       Houston, Texas   77056-1988
       (713) 403-8210  Telephone
       (713) 403-8299  Facsimile

       *Counsel for Third-Party Defendants*
       *Essex Insurance Company and Hector Aldana*

Unofficial Copy Office of Chris Daniel District Clerk

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___13th___ day of May, 2016, a true and correct copy of this document was served on all known counsel of record in accordance with the Texas Rules of Civil Procedure, as follows:

Mr. Ryan K. Haun
Haun Law Firm, P.C.
1201 Shephard Drive
Houston, Texas 77007
Fax: (713) 781-8601
ryan@haunlawfirm.com

David V. Wilson II
LeClairRyan
1233 West Loop South, Suite 1000
Houston, Texas 77027
Fax: (713)650-0027
david.wilson@leclairryan.com

*Counsel for Defendant/Third-Party Plaintiff*
*Murphy Industrial, Inc. dba Interstate Industrial Services*

Jason A. Gibson
Casey L. Jordan
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Fax: (713) 650-1011

*Counsel for Plaintiff*
*Israel Lopez*

_____/s/ Cyrus W. Haralson_____
CYRUS W. HARALSON

5/16/2016 11:07:03 A
Chris Daniel - District Clerk Harris Cou
Envelope No. 106439
By: bradley darn
Filed: 5/16/2016 11:07:03 A

## CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES, | § | |
| | § | |
| *Defendant* | § | |
| ——————————————— | § | HARRIS COUNTY, T E X A S |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES, | § | |
| | § | |
| *Third-Party Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| ESSEX INSURANCE COMPANY and | § | |
| HECTOR ALDANA, | § | |
| | § | |
| *Third-Party Defendants* § | | 125TH  JUDICIAL  DISTRICT |

### THIRD-PARTY DEFENDANTS' SUPPLEMENT TO
### MOTION TO SEVER OR, IN THE ALTERNATIVE, CONTINUE TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

Third-Party Defendants Essex Insurance Company ("Essex") and Hector Aldana ("Aldana") file this Motion to Sever Or, In The Alternative, Continue the Trial Setting in this matter and respectfully show as follows:

1.      This matter was originally filed by Plaintiff Israel Lopez ("Lopez") on May 16, 2013. Plaintiff states tort claims against Defendant Murphy Industrial, Inc. dba Interstate Industrial Services ("Murphy") for bodily injury to Lopez.

Unofficial Copy Office of Chris Daniel District Clerk

2.      On March 20, 2016, the Court signed an order setting this matter for trial on May 23, 2016, with docket call set for May 16, 2016.

3.      On April 19, 2016, however, almost a month after the trial setting was entered, Murphy served its Third-Party Petition on Essex and Aldana, stating insurance related claims for breach of contract and bad faith claims handling.[1] Murphy's service date results in an answer deadline for Essex and Aldana of May 16, 2016, the date of docket call and one week before trial.

4.      Because it would be manifestly unjust and practically impossible for Essex and Aldana to meaningfully defend themselves in a trial under these circumstances, the Third-Party Defendants request that the claims against them be severed from the remainder of the suit that is set for trial on May 23, 2016. Severance is further justified because it is well established under Texas law that it is improper for an insured to inject insurance matters into a liability suit, unless offered to prove something other than that a person was insured against liability. TEX. R. EVID. 411; *see also* TEX. R. CIV. P. 38(c)("This rule shall not be applied, in tort cases, so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract liable to the person injured or damaged."); TEX. R. CIV. P. 51(b) (same); *Getty Oil Co. v. Ins. Co. of N. America*, 845 S.W.2d 794, 801 (Tex.1992); *Chaffin v. TransAmerica Ins. Co.*, 731 S.W.2d 728, 731 (Tex.App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.); *Russell v. Hartford Cas. Ins. Co.*, 548 S.W.2d 737, 740-41 (Tex.Civ.App.--Austin 1977, writ ref'd n.r.e.); *Superior Ins. Co. v. Kelliher*, 343 S.W.2d 278 (Tex.Civ.App.--Fort Worth 1961, writ ref'd n.r.e.). The purpose of the prohibition, of course, is to avoid the prejudice that may result if the same jury is asked to consider both whether an injured party is entitled to damages and whether insurance

---

[1] The Court's online docket indicates that Murphy moved for Leave to File its Third Party Petition, but there does not appear to be any signed order actually granting the motion.

proceeds exist to pay those damages. *See Kheir v. Progressive County Mut. Ins. Co.*, 14-04-00694-CV, 2006 WL 1594031, *7 (Tex. App.--Hous. [14th Dist.] 2006)("Generally, it is error to refer to the fact that the plaintiff is protected by some form of insurance because it is irrelevant, immaterial, and calculated to work injury."); *Kendrix v. So. Pac. Transp. Co.*, 907 S.W.2d 111, 112 (Tex.App.–Beaumont 1995, writ denied) (*citing Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d 811, 813 (1945)). Additionally, the Third-Party Defendants did not receive the 45-day notice of the trial setting as required by Texas Rule of Civil Procedure 245.

5.    If the Court chooses not to sever the claims against the Third-Party Defendants, those defendants respectfully request in the alternative that the current trial setting be continued to allow time for the parties to coordinate, agree to, and propose a new trial setting. This motion is urged not for the purposes of delay, but rather so that justice may be done. (See attached Affidavit of Jamie Carsey).

6.    Based on the foregoing, Third-Party Defendants Essex and Aldana request that the claims against them be severed from the remainder of the suit, or, in the alternative, that this matter be removed from the May 23, 2016 trial docket.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/ Jamie R. Carsey* _____
Jamie R. Carsey
Texas State Bar No.  24045620
*E-Mail:  jcarsey@thompsoncoe.com*
Cyrus W. Haralson
Texas State Bar No. 24065371
*E-Mail:  charalson@thompsoncoe.com*
One Riverway, Suite 1400
Houston, Texas   77056-1988
(713) 403-8210  Telephone
(713) 403-8299  Facsimile

Unofficial Copy Office of Chris Daniel District Clerk

*Counsel for Third-Party Defendants*
*Essex Insurance Company and Hector Aldana*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the ___16th___ day of May, 2016, a true and correct copy of this document was served on all known counsel of record in accordance with the Texas Rules of Civil Procedure, as follows:

Mr. Ryan K. Haun
Haun Law Firm, P.C.
1201 Shephard Drive
Houston, Texas 77007
Fax: (713) 781-8601
ryan@haunlawfirm.com

David V. Wilson II
LeClairRyan
1233 West Loop South, Suite 1000
Houston, Texas 77027
Fax: (713)650-0027
david.wilson@leclairryan.com

*Counsel for Defendant/Third-Party Plaintiff*
*Murphy Industrial, Inc. dba Interstate Industrial Services*

Jason A. Gibson
Casey L. Jordan
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Fax: (713) 650-1011

*Counsel for Plaintiff*
*Israel Lopez*

_____/s/ Cyrus W. Haralson_____
CYRUS W. HARALSON

Case No.  201329423

**ORTX**

Pgs-4

LOPEZ, ISRAEL

vs.

MURPHY DISTRIBUTIONS INC (DBA

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

125th    JUDICIAL DISTRICT

ORTX

### ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  09-19-2016.
If the case has not been reached by the second Friday after this date the trial will be
reset. All previous pre-trial deadlines remain in effect, unless changed by the court.
If you have any questions regarding this notice, please contact the court
coordinator, BRIDGETT STANFIELD at (713) 368-6130.

Signed

Signed:  5/19/2016

KYLE CARTER

Judge, 125TH DISTRICT COURT

Generated on: 05/18/2016

Unofficial Copy Office of Chris Daniel District Clerk

RYAN KEITH HAUN
1201 SHEPHERD DR
HOUSTON TX 77007-5429

24055634

JCVF17
rev.12311999

2

Chris Daniel - District Clerk
Harris County
Envelope No: 10633395
By: DARNELL, BRADLEY K
Filed: 5/13/2016 4:50:13 PM
Pgs-

CAUSE NO. 2013-29423                                          CAF)

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MURPHY DISTRIBUTION, INC. d/b/a | § | |
| INTERSTATE INDUSTRIAL & FLEET | § | |
| SERVICES, | § | |
| *Defendant.* | § | 125th JUDICIAL DISTRICT |

## ORDER

Be it remembered that on this, the ____ day of _____, 2016, came on to be

Third-Party Plaintiff's Agreed Motion for Continuance. This Court is under the opinion that the

Motion is meritorious and should be GRANTED.

It is ordered that this case be removed from the trial docket of May 23, 2016.  The clerk

will reset the case for trial ~~at a later time.~~ on the 2-week trial docket of Sept. 19, 2016.

SIGNED this ____ day of _____, 2016.

Signed:
5/19/2016

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

APPROVED AS TO FORM AND SUBSTANCE:

HAUN LAW FIRM, P.C.

By: /s/ Ryan K. Haun
       RYAN K. HAUN
       State Bar No.: 24055634
       1201 Shepherd Drive
       Houston, Texas 77007
       (713) 781-8600- Telephone
       (713) 781-8601- Fax
       ryan@haunlawfirm.com

       ATTORNEY FOR MURPHY INDUSTRIAL, INC.
       D/B/A INTERSTATE INDUSTRIAL SERVICES

LECLAIRRYAN

By: /s/ David V. Wilson II
       DAVID V. WILSON II
       State Bar No.: 00786402
       1233 West Loop South, Suite 1000
       Houston, Texas 77027
       (713) 752-8630- Telephone
       (713) 650-0027- Fax
       david.wilson@leclairryan.com

       ATTORNEY FOR MURPHY INDUSTRIAL, INC.
       D/B/A INTERSTATE INDUSTRIAL SERVICE

THE GIBSON LAW FIRM

By: /s/ Casey L. Jordan
       Jason A. Gibson
       State Bar No.: 24000606
       Casey Jordan
       State Bar No.:  24090599
       The Lyric Center
       440 Louisiana, Suite 2400
       Houston, Texas 77002
       (713) 650-1010- Telephone
       (713) 650-1011- Fax
       cjordan@jag-lawfirm.com

       ATTORNEYS FOR ISRAEL LOPEZ

Unofficial Copy Office of Chris Daniel District Clerk

5/31/2016 2:22:56 P
Chris Daniel - District Clerk Harris Coun
Envelope No. 108941
By: MELISSA TORRE
Filed: 5/31/2016 2:22:56 P

CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

**JOINT RESPONSE TO MOTION TO SEVER AND MOTION FOR SEPARATE TRIALS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Israel Lopez and Murphy Industrial, Inc. d/b/a Interstate Industrial Services, hereinafter referred to as "Respondents," and file this *Joint Response to Motion to Sever and Motion for Separate Trials* and would show the Court the following:

## INTRODUCTION

1.     On May 16, 2013, Plaintiff Israel Lopez sued Defendant Murphy Industrial, Inc. d/b/a Interstate Industrial Services for damages arising from personal injuries alleged to have occurred on or about March 22, 2013.

2.     On March 1, 2016, Murphy Industrial, Inc. d/b/a Interstate Industrial Services filed its Third-Party Petition against Essex and Aldana.  Defendants Essex and Aldana answered on May 13, 2016.  On the same day, Defendants Essex and Aldana filed their *Third-Party Defendants' Motion to Sever or, in the Alternative*, *Continue Trial Setting*.  Subsequently, Defendants Essex and Aldana filed a supplement to their motion on May 16, 2016.

3. Defendants Essex and Aldana's motion for continuance was rendered moot by the Court's May 18, 2016, Order Resetting Trial, which moved the trial setting of this matter to the two-week period beginning September 19, 2016.

4. Respondents now move this Court for an order denying severance and compelling separate trials of the tort claims and the coverage claims instead of the severance requested by Defendants Essex and Aldana.

## OBJECTION

5. The Harris County Local Rules of the Civil Trial Division require certificates of conference for all motions, pleas and special exceptions, with the exceptions of "summary judgments, default judgments, agreed judgments, motions for voluntary dismissal or non-suit, post-verdict motions and motions involving service of citation." Harris County Rules of the Civil Trial Division, Rule 3.3.6. Defendants Essex and Aldana did not confer regarding the substance of their motion to sever prior to setting the matter for hearing.

## ARGUMENT & AUTHORITIES

6. Severance is governed by Texas Rule of Civil Procedure 41. *See* TEX. R. CIV. P. 41. Rule 41 provides, in part, that "[a]ctions which have been improperly joined may be severed ... on such terms as are just." *Id.* A claim may be properly severed only if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990); *In re Hoover, Bax & Slovacek, L.L.P.*, 6 S.W.3d at 650–51 (citing *In re El Paso County Hosp. Dist.*, 979 S.W.2d 10, 12 (Tex.App. —El Paso 1998, orig. proceeding)). The controlling reasons for a severance are to do

---

justice, avoid prejudice, and promote convenience. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 692 (Tex.2007).

7.      The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 734 (Tex.1985); *see Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App. —Houston [14th Dist.] 1997, orig. proceeding). The Texas Supreme Court has stated that the trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 682–83 (Tex.1956) (orig.proceeding).

8.      An order of bifurcation, on the other hand, leaves the lawsuit intact but enables one or more issues to be decided first without trying all issues at the same time. *See In re United Fire Lloyds,* 327 S.W.3d 250, 254 (Tex.App. —San Antonio 2010, orig. proceeding).   Texas Rule of Civil Procedure 40(b) controls separate trials:

> The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.

Further, Texas Rule of Civil Procedure 38, involving Third-Party Practice, specifically addresses this issue: "Any party may move to strike the third-party claim, or for its severance *or separate trial*." TEX. R. CIV. P. 38(a) (emphasis added).

9.      In this case, Respondents ask the Court to order separate trials on the issues of negligence and insurance coverage to prevent the unnecessary delays severance would cause and to eliminate any prejudice caused by invoking insurance in the liability case.

---

**A.      Separate Trials, Not Severance**

10.      Defendants Essex and Aldana argue that Murphy's claims against them should be severed.  However, severance will create drastic inefficiencies for the parties, will dramatically diminish realistic chances for settlement and will increase costs for all parties involved, especially if this Court is deprived of jurisdiction over this matter after severance.  Any alleged prejudice incurred by Defendants Essex and Aldana can be completely resolved by bifurcating this matter into two separate trials.  In this case, severance would unjustly delay the proceedings and would needlessly force the parties to repeatedly obtain and offer the same evidence in two separate proceedings.

**1.      The Tort Claims and Coverage Claims are Intertwined**

11.      The facts giving rise to Plaintiff's claims against Defendant Murphy are identical to the facts asserted by Defendant Murphy against Defendants Essex and Aldana in support of coverage.   Specifically, Plaintiff Lopez has asserted premises claims against Murphy Distributions, both as an invitee and alternatively, as a trespasser.  *See Defendant's Third-Party Petition*, pages 3-4.  Plaintiff Lopez's premises allegations form the basis of liability alleged by Lopez against Defendant Murphy, and those very same premises facts form the basis of Defendant Murphy's allegations against Defendants Essex and Aldana:  "Defendant Essex will still owe a duty to defend and indemnify Third-Party Plaintiff Murphy because the premises liability theories alleged by Plaintiff are sufficient to trigger coverage." *Id.*, page 5.

12.      Plaintiff Lopez's premises liability allegations and the facts developed in proving those allegations are not only relevant to Defendants Essex and Aldana's coverage defenses, they are inextricably linked.  Defendants Essex and Aldana's numerous reasons for denying coverage rise and fall on the same facts pled by Plaintiff Lopez.  The same evidence regarding premises

liability will be central to both the liability claims and the coverage claims, and the same exact witness testimony will be offered on the issues of liability and coverage.

13.     Defendants Essex and Aldana relied on the "Construction Risk Coverage Endorsement," which Defendants Essex and Aldana contend destroy coverage if Plaintiff Lopez was a "contractor, self-employed contractor, and/or subcontractor you hire to perform work on your behalf, or any of their employees or workers, whether leased, contracted, temporary or volunteer." *See Defendant's Third-Party Petition*, pages 4-5 (citing the Construction Risk Coverage Endorsement).  In this case, Mr. Lopez will establish his employment status in the trial on his injury claims, just as Defendants Essex and Aldana will need to establish Mr. Lopez' employment status to prevail on their alleged coverage defense.  Again, the same evidence and the same witness testimony will be offered in both claims.

14.     All of the parties will rely on the same core facts to determine liability for negligence and for coverage.  The same medical records and bills that make up Israel Lopez's injury claims also form the basis of the claim for indemnity.  The same medical experts will offer testimony and the same medical records will be offered to establish liability and indemnity.

15.     Severance is inappropriate in this case because the two matters are so intertwined that they require the same core facts.  In fact, the insurance claims are so interwoven with the Plaintiff's claims that without first obtaining the facts forming the basis of Plaintiff Lopez's claim, it is unlikely that Defendants Essex and Aldana could prevail on any policy defense they relied on in support of their claim denial.  Defendants Essex and Aldana's claim decision cannot exist in a vacuum without relying on the underlying facts and allegations pled by Israel Lopez.

### 2. Judicial Economy

15. Severance will cause the parties to incur significant additional costs in proving the same facts in two entirely different cases, most likely with one case proceeding in federal court and one proceeding in state court. The parties will have to pay the same medical experts to testify multiple times, will have to repeat multiple depositions and will have to brief the same issues repeatedly.

16. Further, separate trials may also save the Court's resources. If the injury trial yields a finding of no negligence against Defendant Murphy, then a second trial on the duty to indemnify would be moot. It makes sense to litigate the issues concurrently, then try the insurance issues separately, after the required findings from the jury. Further, the same jury that heard the issues on employment status, premises liability and damages will also hear the coverage issues, conserving time and resources for all involved.

### 3. Separate Trials Eliminate Prejudice

17. Defendants Essex and Aldana argue that absent severance, they will be prejudiced at trial because "it is improper for an insured to inject insurance matters into a liability suit." *See* Motion to Sever, page 2. However, any alleged prejudice can be avoided entirely by ordering separate trials: one trial on Plaintiff's negligence and premises claims and one trial on insurance coverage. Insurance would not be discussed or injected in any way in the first trial, and would only be introduced in the second trial addressing coverage. Defendants Essex and Aldana would not be prejudiced by the injection of insurance, and the trials would take place one right after the other, to prevent the delay of having the parties start all over again litigating coverage after the initial jury finding.

---

18.     Separate trials not only save resources, but also eliminate delay and prejudice for all involved parties.  Insurance issues would be reserved for the second trial, and the parties would not need to prove the same facts all over again.  Further, Defendants Essex and Aldana's contention that "it would be manifestly unjust and practically impossible for Essex and Aldana to meaningfully defend themselves in a trial under the circumstances" was made moot when the Court signed the order continuing this matter.  Therefore, because insurance will not be injected into the liability trial, separate trials completely eliminate any alleged prejudice militating in favor of severance.

**C.     Joint Mediation**

19.     Respondents ask this Court for an order compelling all of the parties to attend mediation before either severance or separate trials are ordered in this case.  Respondents are hopeful that the parties can resolve all of the issues before the Court on both the tort claims and coverage claims, without any further need for judicial intervention.  However, severance will reduce the parties' chances of settlement and increase expenses as two cases are developed separately.

**PRAYER**

For these reasons, Respondents asks this Court for an order denying *Third-Party Defendants' Motion to Sever or, in the Alternative, Continue Trial Setting* and ordering separate trials of the tort claims and coverage claims. Further, the parties seek an order compelling them to attend a joint mediation within sixty (60) days of the signing of this order. Respondents also seek any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**HAUN LAW FIRM, P.C.**

By: _/s/ Ryan K. Haun_

RYAN K. HAUN
State Bar No.: 24055634
1201 Shepherd Drive
Houston, Texas 77007
(713) 781-8600- Telephone
(713) 781-8601- Fax
ryan@haunlawfirm.com

**ATTORNEY FOR MURPHY INDUSTRIAL, INC.**
**D/B/A INTERSTATE INDUSTRIAL SERVICES**

**THE GIBSON LAW FIRM**

By: _/s/ Casey L. Jordan_

JASON A. GIBSON
State Bar No.: 24000606
CASEY L. JORDAN
State Bar No.: 24090599
The Lyric Center
440 Louisiana, Suite 2400
Houston, Texas 77002
(713) 650-1010- Telephone
(713) 650-1011- Fax
cjordan@jag-lawfirm.com

**ATTORNEY FOR ISRAEL LOPEZ**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent by U.S. Mail, certified mail return receipt requested, hand delivery, or by telecopy on this 31st day of May, 2016, to the following counsel of record:

*Via Fascimile:  (832) 553-2762*
Jose Luis Orihuela
Orihuela & Associates, PLLC
P.O. Box 569
League City, Texas 77574

*Via Fascimile: (713) 403-8299*
Jamie R. Carsey
Cyrus W. Haralson
Thompson, Coe, Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, Texas 77056-1988

*Via Facsimile:  (713) 650-0027*
David V. Wilson, II
LeClairRyan
1233 West Loop South, Suite 1000
Houston, Texas 77027

/s/ *Ryan K. Haun*
Ryan K. Haun

Unofficial Copy Office of Chris Daniel District Clerk

---

*Joint Response to Motion to Sever and Motion for Separate Trials*                    Page 9

6/2/2016 5:18:45 P
Chris Daniel - District Clerk Harris Cour
Envelope No. 109511
By: bradley darn
Filed: 6/2/2016 5:18:45 P

## CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES, | § | |
| | § | |
| *Defendant* | § | |
| | § | HARRIS COUNTY, T E X A S |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES, | § | |
| | § | |
| *Third-Party Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| ESSEX INSURANCE COMPANY and | § | |
| HECTOR ALDANA, | § | |
| | § | |
| *Third-Party Defendants* § | | 125TH JUDICIAL DISTRICT |

## THIRD-PARTY DEFENDANTS' REPLY TO
## JOINT RESPONSE TO MOTION TO SEVER AND MOTION FOR SEPARATE TRIALS

TO THE HONORABLE JUDGE OF SAID COURT:

Third-Party Defendants Essex Insurance Company ("Essex") and Hector Aldana ("Aldana") file this Reply to the Joint Response to Motion to Sever and Motion for Separate Trials in this matter and respectfully show as follows:

1.       This matter was originally filed by Plaintiff Israel Lopez ("Lopez") on May 16, 2013. Plaintiff brings tort claims against Defendant Murphy Industrial, Inc. dba Interstate Industrial Services ("Murphy") for bodily injury to Lopez. On the eve of its trial setting last

2467737v5
03258.164

month, Murphy served its Third-Party Petition on Essex and Aldana, asserting related claims for breach of contract and bad faith claims handling arising out of a liability policy issued by Essex to Murphy.[1]

2.      On May 13, 2016, Third-Party Defendants Essex and Aldana moved to sever the insurance claims from the underlying liability claims because it is well-established under Texas law that it is improper for an insured to inject insurance matters into a liability suit, unless offered to prove something other than that a person was insured against liability. TEX. R. EVID. 411; see also TEX. R. CIV. P. 38(c)("This rule shall not be applied, in tort cases, so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract liable to the person injured or damaged."); TEX. R. CIV. P. 51(b) (same); *Getty Oil Co. v. Ins. Co. of N. America*, 845 S.W.2d 794, 801 (Tex.1992) (noting Tex. R. Civ. P. 38(c) prohibits the joinder of insurers in the underlying lawsuit); *Chaffin v. TransAmerica Ins. Co.*, 731 S.W.2d 728, 731 (Tex.App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.) (finding third-party plaintiff had no direct cause of action against insurer because it was not in privity of contract and was not a third party beneficiary under the contract); *Russell v. Hartford Cas. Ins. Co.*, 548 S.W.2d 737, 740-41 (Tex.Civ.App.--Austin 1977, writ ref'd n.r.e.) (affirming severance of coverage case from tort case); *Superior Ins. Co. v. Kelliher*, 343 S.W.2d 278 (Tex.Civ.App.--Fort Worth 1961, writ ref'd n.r.e.). **The purpose of the prohibition, of course, is to avoid the prejudice that may result if the same jury is asked to consider both whether an injured party is entitled to damages and whether insurance proceeds exist to pay those damages.** See *Kheir v. Progressive County Mut. Ins. Co.*, 14-04-00694-CV, 2006 WL 1594031, *7 (Tex. App.—Hous. [14th Dist.] 2006)("Generally, it is error to refer to the fact that the plaintiff is

---

[1] The Court's online docket indicates that Murphy moved for Leave to File its Third Party Petition, but there does not appear to be any signed order actually granting the motion.

protected by some form of insurance because it is irrelevant, immaterial, and calculated to work injury."); *Kendrix v. So. Pac. Transp. Co*., 907 S.W.2d 111, 112 (Tex.App.–Beaumont 1995, writ denied) (citing *Myers v. Thomas*, 143 Tex. 502, 186 S.W.2d 811, 813 (1945)).

3.      Texas appellate courts have repeatedly held that a trial court's failure to sever liability and insurance claims is an abuse of discretion that can be remedied through the issuance of a writ of mandamus. *See In re Reynolds*, 369 S.W.3d 638, 655 (Tex. App.—Tyler 2012, no pet. h.); *In re American Economy Ins. Co.*, 202 S.W.3d 361, 364 (Tex.App.—Beaumont 2006, no pet.hist.); *In re Arcababa*, 2013 WL 5890109, Case No 10-13-00097-CV (Tex.App—Waco Oct. 31, 2013, no pet.hist.).

4.      In their response to the Motion to Sever, Lopez and Murphy concede that the Third-Party Defendants will be prejudiced by joint consideration of liability and insurance issues, but insist that the Court need only bifurcate the issues for separate trials rather than sever. But of course, bifurcation will not mitigate the prejudice that severance was intended to alleviate – having the *same jury* consider both liability and insurance claims – because in a bifurcated trial the same jury still hears both issues, whereas a suit severed into two separate and distinct causes will be heard by two different juries. *See Transp Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994)(superseded, in part, by statute on other grounds); *In re Arcababa*, No. 10-13-00097-CV, 2013 WL 5890109 at *9 (explaining the differences between severance and bifurcation).

5.      Murphy's argument that the insurance case and the tort case can be comingled for discovery purposes and then bifurcated later was rejected in *In re American Economy*.  In that case, the trial court denied American Economy Insurance Company's Motion to Sever ordering the tort case and insurance case be consolidated for discovery purposes.  The Court of Appeals of Beaumont recognized that, "Rule 38(c) ad 51(b) are not limited to protecting insurers against

being brought to trial.  Rather, the rules clearly prohibit joinder of an insurer as a third-party defendant unless the insurer is directly liable to the plaintiff in the underlying case." 202 S.W.3d at 363-64 (citations omitted).  The Court of Appeals therefore found the trial court abused its discretion by denying American Economy's Motion to Sever. *Id.*

6.      Bifurcating as opposed to severing these actions does not make any practical sense because discovery in the tort case and the insurance case should never overlap.  There are a number of distinct legal and factual issues in dispute in the tort case.  There are only two issues in the coverage – (1) Does Essex owe Murphy a duty to defend? and (2) Does Essex owe Murphy a duty to indemnify?  Whether Essex owes Murphy a duty to defend will depend solely on a comparison of the policy to the operative underlying petition. No discovery is necessary. *Pine Oak Builders, Inc. v. Great American Lloyds Ins. Co.* 279 S.W.3d 650, 654 (Tex. 2009). Because there has been no settlement or judgment, Essex does not have any current duty to indemnify Murphy, and therefore that issue is not even ripe for determination by the Court. *Id.* (reiterating that the facts **established** in the underlying suit control the duty to indemnify) (emphasis added).  Essex should not be participating in the discovery of the liability case because Essex should not be in a position to shape the indemnity facts as they are developing.  The facts that are developed in the underlying case will either trigger a duty to indemnify or not.  Essex should not have any involvement in that process.  Further, Essex should not have to bear the cost and expense of going through the discovery in the underlying tort case on issues that have nothing to do with the coverage matter.  "Liability and coverage are separate and distinct issues" that will have to be developed, tried, and adjudicated independently. *State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 885 (Tex. App.—Dallas 2001) (finding the judgment in the underlying tort suit is not dispositive of the coverage issues); *State Farm Lloyds v. Henderson*, No. 14-96-

01107-CV, 1998 WL 322689 at *4 (Tex. App. —Houston [14th Dist.] 1998, pet ref'd) (citing *Hargis v. Maryland Am. Gen. Ins. Co.*, 567 S.W.2d 923, 927 (Tex. App. —Eastland 1978, writ ref'd n.r.e.).

7.     In short, Murphy's suggestion of a comingled but bifurcated case is contrary to established Texas law and would taint both the underlying case and the coverage case. It simply makes no legal, logical or procedural sense.  For these reasons, as well as the reasons set forth in the Motion to Sever, Third-Party Defendants Essex and Aldana ask the Court to sever the claims against them from the remainder of the suit and to deny Plaintiff and Defendant's request for bifurcation.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/ Jamie R. Carsey*
    Jamie R. Carsey
    Texas State Bar No.  24045620
    *E-Mail:  jcarsey@thompsoncoe.com*
    Cyrus W. Haralson
    Texas State Bar No. 24065371
    *E-Mail:  charalson@thompsoncoe.com*
    One Riverway, Suite 1400
    Houston, Texas   77056-1988
    (713) 403-8210  Telephone
    (713) 403-8299  Facsimile

    **Counsel for Third-Party Defendants**
    **Essex Insurance Company and Hector Aldana**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2016, a true and correct copy of this document was served on all known counsel of record in accordance with the Texas Rules of Civil Procedure, as follows:

Mr. Ryan K. Haun
Haun Law Firm, P.C.
1201 Shephard Drive
Houston, Texas 77007
Fax: (713) 781-8601
ryan@haunlawfirm.com

David V. Wilson II
LeClairRyan
1233 West Loop South, Suite 1000
Houston, Texas 77027
Fax: (713)650-0027
david.wilson@leclairryan.com

*Counsel for Defendant/Third-Party Plaintiff*
*Murphy Industrial, Inc. dba Interstate Industrial Services*

Jason A. Gibson
Casey L. Jordan
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Fax: (713) 650-1011

*Counsel for Plaintiff*
*Israel Lopez*

_____ /s/ Jamie R. Carsey _____
Jamie R. Carsey

5/31/2016 2:22:56 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 10894149
By: TORRES, MELISSA D
Filed: 5/31/2016 2:22:56 PM

CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES | § | |
| *Defendants.* | § | 125th JUDICIAL DISTRICT |

(P.)
SEURY
MBTX

---

## ORDER DENYING MOTION TO SEVER AND GRANTING SEPARATE TRIALS

---

After considering *Third-Party Defendants' Motion to Sever or, in the Alternative, Continue Trial Setting,* the supplement filed, the response filed and the arguments of counsel, the Court is of the opinion that the Third-Party Defendants' Motion to Sever is DENIED.

It is ORDERED, ADJUDGED AND DECREED that Plaintiff Israel Lopez's claims against Defendant Murphy Industrial, Inc. d/b/a Interstate Industrial Services shall be tried first in a bifurcated proceeding in which insurance shall not be admissible. Following a verdict, Murphy Industrial Inc. d/b/a Interstate Industrial Services' claims against Essex Insurance Company and Hector Aldana shall be tried in a separate trial.

It is further, ORDERED, ADJUDGED AND DECREED that the parties shall attend mediation within sixty (60) days of the signing of this order.

Signed this 3 day of _June_, 2016.

_____
PRESIDING JUDGE

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**TRPOX**      Pgs-4

Cause No.  201329423                                              TRPOX

|  |  |
|---|---|
| LOPEZ, ISRAEL | *     IN THE DISTRICT COURT OF |
| vs. | *     HARRIS COUNTY, TEXAS |
| MURPHY DISTRIBUTIONS INC (DBA | *     125th    JUDICIAL DISTRICT |

## TRIAL PREPARATION ORDER

☒  **Pursuant to Rule 166** of the Texas Rule of Civil Procedure, before the Pretrial Conference scheduled for this case, the items that are checked below **must be furnished to opposing counsel in advance** with enough time to allow review for objections, and **brought with you** to the Pretrial Conference.

☒  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked below must be      **FILED/EXCHANGED**      by  **09-16-2016.**

☒  **Pursuant to Rule 166** of the Texas Rules of Civil Procedure, the items that are checked must be completed and ready for discussion with the court at the Pretrial Conference.

*   *   *   *   *   *

☒  **Party/Attorney List.**   Names, addresses, and phone numbers of each pro se party and attorney.

☒  **Trial Witnesses List.**   The name, address and telephone number of any person expected to testify at trial, and a brief statement of each identified person's connection with the case.

☒  **Draft Jury Charge** (if a jury fee has been paid) or Findings of Fact and Conclusions of Law. Modifications may be submitted as the trial progresses.

☒   **Exhibits.** An exhibit list is required. All exhibits must be pre-marked with inadmissible matters redacted(e.g. insurance).   Objections to authenticity must be made pursuant to  Rule 193.7.

☒  **Deposition Excerpts or Edited Videotapes.**    Designate page and line in sequence to be used at trial.

☒   **Motions in Limine.**

☒   **Trial Scheduling.**  Estimated trial length, and potential attorney or witness conflicts or travel difficulties.

☒  **Other.**
  BRING ALL OF THE ABOVE TO DOCKET CALL. DOCKET CALL IS SET FOR 09-16-2016
  AT 9:00 A.M. FAILURE TO ATTEND DOCKET CALL WILL RESULT IN THIS CASE BEING
  DISMISSED FOR WANT OF PROSECUTION.
  TRIAL IS SET FOR THE TWO - WEEK PEROID BEGINNING 09-19-2016.

Signed                                                          Signed: 7/25/2016

|||||||||||||||||||||||||||||||||||||||||||||||
RYAN KEITH HAUN                              KYLE CARTER
1201 SHEPHERD DR                            Judge, 125TH DISTRICT COURT
HOUSTON TX 77007-5429                       DATE GENERATED: 07/19/2016

                                   2
                                                        24055634          JCV001
                                                                          rev.032802



### COURT OF APPEALS FOR THE
### FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:    In re Essex Insurance Company and Hector Aldana

Appellate case number:  01-16-00552-CV

Trial court case number:  2013-29423

Trial court:            125th District Court of Harris County

On July 12, 2016, relators Essex Insurance Company and Hector Aldana filed a petition for writ of mandamus challenging the trial court's order denying their motion to sever. On August 4, 2016, relators filed a motion requesting an emergency stay of the underlying trial court proceedings pending our determination of their mandamus petition. The motion to stay the underlying trial court proceedings is **granted**. *See* TEX. R. APP. P. 52.10. The stay is effective until disposition of the petition for writ of mandamus or further order of this Court.

It is so ORDERED.

Judge's signature: /s/ Jane Bland
                    ☒ Acting individually

Date: August 4, 2016

F I L E D
Chris Daniel
District Clerk

AUG 0 4 2016

Time:_____
Harris County, Texas
By_____
        Deputy

FILE COPY

P7

**F I L E D**
Chris Daniel
District Clerk

NOV 0 8 2016

Time: _____
Harris County, Texas

By _____
Khiela Jackson
Deputy

11/8/2016



**FIRST COURT OF APPEALS**
301 Fannin Street
Houston, Texas 77002-2066

RE:   Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

    Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423          Christopher A. Prine, Clerk of the Court

                Hon. Olen Underwood
                Second Administrative Judicial Region of Texas
                301 N. Thompson Ste 102
                Conroe, TX  77301
                **DELIVERED VIA E-MAIL**

---

**FIRST COURT OF APPEALS**
301 Fannin Street
Houston, Texas 77002-2066

11/8/2016

    RE:   Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

    Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423          Christopher A. Prine, Clerk of the Court

                Hon. Olen Underwood
                Second Administrative Judicial Region of Texas
                301 N. Thompson Ste 102
                Conroe, TX  77301
                **DELIVERED VIA E-MAIL**

Unofficial Copy Office of Chris Daniel District Clerk

FILE COPY

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

RE:   Case No. 01-16-00552-CV

Style:  In re Essex Insurance Company and Hector Aldana

　　 Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
　　 A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423 　　　　　 Christopher A. Prine, Clerk of the Court

　　　　　　　　　　　　 Hon. Olen Underwood
　　　　　　　　　　　　 Second Administrative Judicial Region of Texas
　　　　　　　　　　　　 301 N. Thompson Ste 102
　　　　　　　　　　　　 Conroe, TX  77301
　　　　　　　　　　　　 ***DELIVERED VIA E-MAIL***

 **FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

RE:   Case No. 01-16-00552-CV

Style:  In re Essex Insurance Company and Hector Aldana

　　 Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
　　 A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423 　　　　　 Christopher A. Prine, Clerk of the Court

　　　　　　　　　　　　 Andrew  Johnson
　　　　　　　　　　　　 Thompson, Coe, Cousins & Irons, L.L.P.
　　　　　　　　　　　　 One Riverway, Ste 1400
　　　　　　　　　　　　 Houston, TX  77056
　　　　　　　　　　　　 ***DELIVERED VIA E-MAIL***

FILE COPY



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

RE:   Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423              Christopher A. Prine, Clerk of the Court

Cyrus Haralson
Thompson, Coe, Cousins & Irons, LLP.
One Riverway, Suite 1400
Houston, TX 77056
*DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

RE:   Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423              Christopher A. Prine, Clerk of the Court

Jamie R. Carsey
Thompson, Coe, Cousins & Irons, L.L.P.
1 Riverway Ste 1400
Houston, TX 77056-1934
*DELIVERED VIA E-MAIL*

FILE COPY



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

　　　RE:　Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

　　　Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
　　　A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423　　　　　　　Christopher A. Prine, Clerk of the Court

　　　　　　　　　　　Ryan Haun
　　　　　　　　　　　Haun Law Firm
　　　　　　　　　　　1201 Shepherd Drive
　　　　　　　　　　　Houston, TX 77007
　　　　　　　　　　　*DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

　　　RE:　Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

　　　Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
　　　A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423　　　　　　　Christopher A. Prine, Clerk of the Court

　　　　　　　　　　　Jason A. Gibson
　　　　　　　　　　　The Gibson Law Firm
　　　　　　　　　　　440 Lousiana, Ste 2400
　　　　　　　　　　　Houston, TX  77002
　　　　　　　　　　　*DELIVERED VIA E-MAIL*

FILE COPY



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

    RE:  Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana


    Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423        Christopher A. Prine, Clerk of the Court

                The Honorable Harris County  District Clerk's Office
                - Civil
                Harris County District Clerk - Civil
                201 Caroline, Ste 420
                Houston, TX  77002
                *DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

    RE:  Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana


    Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423        Christopher A. Prine, Clerk of the Court

                The Honorable Harris County  District Clerk's Office
                - Civil
                Harris County District Clerk - Civil
                201 Caroline, Ste 420
                Houston, TX  77002
                *DELIVERED VIA E-MAIL*

FILE COPY



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

RE:   Case No. 01-16-00552-CV

Style:  In re Essex Insurance Company and Hector Aldana

    Today the First Court of Appeals issued an opinion(s) in the above-
referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our
Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423          Christopher A. Prine, Clerk of the Court

                    Judge 125th District Court
                    201 Caroline
                    10th Floor
                    Houston, TX 77002
                    *DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

RE:   Case No. 01-16-00552-CV

Style:  In re Essex Insurance Company and Hector Aldana

    Today the First Court of Appeals issued an opinion(s) in the above-
referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our
Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423          Christopher A. Prine, Clerk of the Court

                    David Vandiver  Wilson II
                    LeClairRyan
                    1233 West Loop S Ste 1000
                    Houston, TX  77027-9109
                    *DELIVERED VIA E-MAIL*

FILE COPY



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

    RE:   Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

    Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423        Christopher A. Prine, Clerk of the Court

        Casey Jordan
        The Gibson Law Firm
        440 Louisiana, Ste. 2400
        Houston, TX  77002
        *DELIVERED VIA E-MAIL*



**FIRST COURT OF APPEALS**
**301 Fannin Street**
**Houston, Texas 77002-2066**

11/8/2016

    RE:   Case No. 01-16-00552-CV

Style: In re Essex Insurance Company and Hector Aldana

    Today the First Court of Appeals issued an opinion(s) in the above-referenced cause.
    A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at:

http://www.txcourts.gov/1stcoa

T. C. Case # 2013-29423        Christopher A. Prine, Clerk of the Court

        Casey Jordan
        The Gibson Law Firm
        440 Louisiana, Ste. 2400
        Houston, TX  77002
        *DELIVERED VIA E-MAIL*

P10

**2013 29423**

Opinion issued November 8, 2016



**FILED**
Chris Daniel
District Clerk

NOV 08 2016

Time: 8 a
Harris County, Texas
By Khlela Jackson
Deputy

In The

## Court of Appeals

For The

## First District of Texas

---

NO. 01-16-00552-CV

---

**IN RE ESSEX INSURANCE COMPANY AND HECTOR ALDANA,**
**Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## OPINION

This original proceeding arises from an insurer's request for a severance from a personal injury action. The insurer was joined as a third-party defendant after it denied insurance liability coverage to a defendant in the case for the plaintiff's personal injury claims. The defendant sued the insurer, seeking a defense and coverage for its liability for the personal injury claims asserted against it. The defendant also sought extra-contractual damages.

The trial court denied the insurer's motion to sever. The court determined that it could remedy any prejudice with a bifurcated trial, in which the personal injury claims against the defendant would be tried first, followed by a trial of the defendant's claims against the insurer for breach of the insurance agreement and extra-contractual claims. The insurer seeks mandamus relief, challenging the trial court's denial of its motion to sever. Because joinder of the insurer as a third-party defendant in the liability action was improper under the Texas Rules of Civil Procedure, severance was required. We therefore conditionally grant the petition.

## Background

Israel Lopez sued Murphy Industrial, Inc. d/b/a Interstate Industrial Services, alleging that he was injured due to Murphy's negligence, gross negligence, and premises liability. Lopez sustained injuries during his employment as a temporary worker at Murphy's facility. Lopez alleged that a pressurized paint gun that he was using malfunctioned; the gun shot epoxy into one of his fingers, later requiring amputation of that finger. Lopez later alleged that he was an invitee or, alternatively, a trespasser, for purposes of his premises liability claim.

After it was sued, Murphy filed a third-party petition against its insurer, Essex Insurance Company, and Essex's adjuster, Hector Aldana (collectively, "Essex"), alleging that Lopez's premises liability claims triggered Murphy's coverage for defense and indemnity under Murphy's commercial general liability policy. Murphy

2

further alleged that Essex had wrongfully denied coverage under the policy. Murphy sought (1) declaratory relief that Essex is obligated to defend and indemnify it from the Israel's claims, (2) damages for breach of the insurance contract, (3) unfair settlement practices under Section 541.060 of the Texas Insurance Code, (4) failure to promptly pay the claim under Chapter 542 of the Texas Insurance Code, and (5) breach of the duty of good faith and fair dealing.

Essex answered and moved to sever, requesting that Murphy's claims against it be severed from the personal injury suit. Murphy and Lopez opposed the motion to sever, arguing that any prejudice could be resolved by instead bifurcating the trial into (1) a first phase for Lopez's tort claims against Murphy in which insurance would not be admissible; and (2) a second phase for Murphy's insurance claims against Essex. Essex filed a reply, arguing that (1) Essex would still have to prepare a defense to a claim that may be rendered moot if Murphy had no coverage for the claim and was not entitled to a defense; and (2) using the same jury that determined that Murphy was liable for Lopez's injuries and entitled to compensation would prejudice its determination whether Essex was liable to pay that compensation.

The trial court denied severance but granted separate trials. Essex filed this petition for writ of mandamus challenging the order. We granted a stay of the underlying proceedings.

3

## Discussion

### I.  Standard of Review

We grant mandamus relief to correct an abuse of discretion or violation of a duty imposed by law when no adequate remedy by appeal exists. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Because a trial court has no discretion in determining what the law is, a trial court abuses its discretion if it fails to apply the law correctly. *See id.* at 840. In that event, the relator must show "that the trial court could reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840). "In determining whether appeal is an adequate remedy, [we] consider whether the benefits outweigh the detriments of mandamus review." *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). We also consider "whether mandamus will spare litigants and the public 'the time and money utterly wasted' enduring eventual reversal of improperly conducted proceedings.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)).

### II.  Analysis

The Texas Rules of Civil Procedure provide two trial procedures to avoid expense or prejudice resulting from conflicting claims being tried together—

4

severance and separate trials. *See* TEX. R. CIV. P. 41 ("actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties"), 174(b) ("The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."). Severance divides the lawsuit into separate and independent causes, while an order for separate trials leaves the lawsuit intact but results in one trial with separate parts. *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970); *In re Reynolds*, 369 S.W.3d 638, 654 (Tex. App.—Tyler 2012, orig. proceeding).

Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *RSL-3B-IL, Ltd. v. Prudential Ins. Co. of Am.*, 470 S.W.3d 131, 140 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Thus, in determining whether the trial court erred in denying severance, we address whether the claims were properly severable and, if so, whether the circumstances of the case required the trial court to grant severance. *See In re Ben*

5

*E. Keith Co., Inc.*, 198 S.W.3d 844, 850 (Tex. App.—Fort Worth 2006, orig. proceeding).

### A. The rules of civil procedure preclude suits for insurance coverage to be joined in the same suit as the underlying third-party liability claim.

Essex was joined as a third-party defendant in the underlying liability case that gives rise to the claims against Essex. But Rule 38 of the Texas Rules of Civil Procedure, governing third-party practice, provides that a liability insurer may not be joined as a third-party defendant in a tort case "unless such company is by statute or contract liable to the person injured or damaged." TEX. R. CIV. P. 38(c). Similarly, Rule 51 of the Texas Rules of Civil Procedure, governing joinder of claims and remedies, provides in part:

> . . . two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged.

TEX. R. CIV. P. 51(b). Both longstanding rules reflect the settled law in Texas that an insurer cannot be joined in an action in which it is not directly liable to the injured plaintiff. *See Bluth v. Neeson*, 127 Tex. 462, 465, 94 S.W.2d 407, 408 (1936) (holding that under "settled law of this state," joinder of defendant's casualty insurer in car accident suit was improper). In Texas, the general rule is that an injured party may not sue the tortfeasor's insurer directly, unless the tortfeasor's liability has been

6

finally determined. *In re Essex Ins. Co.*, 450 S.W.3d 524, 525 (Tex. 2014) (per curiam) (quoting *Angus Chem. Co. v. IMC Fertilizer, Inc.*, 939 S.W.2d 138, 138 (Tex. 1997) (per curiam)); *State Farm Cnty. Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam) ("However, [the plaintiff] cannot enforce the policy directly against the insurer until it has been established, by judgment or agreement, that the insured has a legal obligation to pay damages to the injured party."). Thus, a suit brought by a third-party directly against an insurer before liability has been determined is subject to abatement or dismissal until liability is determined. *See Essex*, 450 S.W.3d at 526–28.

The parties do not dispute that Essex is not directly liable to Lopez by statute or contract. Because Essex was not directly liable to Lopez, Rule 38(c) and 51(b) prohibited Murphy from joining Essex in the underlying case.

Our sister court's decision in *In American Economy Insurance Company* is instructive. *See In re Am. Econ. Ins. Co.*, 202 S.W.3d 361 (Tex. App.—Beaumont 2006, orig. proceeding). In *American Economy*, one of the defendants in a personal injury action filed a third-party petition against its liability insurer. *Id.* at 362-63. The insurer moved to sever. *Id.* The trial court denied the motion, observing that joint discovery would promote judicial economy and that it would revisit the severance issue after discovery was completed. *Id.* at 363. In granting mandamus relief, the Beaumont Court of Appeals held that the trial court abused its discretion in denying

7

severance because Texas Rules of Civil Procedure 38(c) and 51(b) "clearly prohibit the joinder of an insurer as a third-party defendant unless the insurer is directly liable to the plaintiff in the underlying case." *Id.* at 364.

Murphy and Lopez argue that Lopez's premises liability allegations, and the facts developed in proving those allegations relating to his employment status, are inextricably linked to Essex's insurance coverage defenses. They note that Essex asserts that an endorsement in the Essex policy issued destroys coverage if Lopez is a "contractor, self-employed contractor, and/or subcontractor you hire to perform work on your behalf, or any of their employees or workers, whether leased, contracted, temporary or volunteer." They further note that the same medical records and expert testimony used to support Lopez's damages will form part of the basis of Murphy's claim for indemnity. But the general rules that allow for joinder of parties and claims in the case of overlapping elements do not apply because those same rules expressly prohibit joinder of an insurance carrier in these circumstances, namely: a tort case, in which the insurer (Essex) is not directly liable to the person injured or damaged (Lopez). *See* TEX. R. CIV. P. 51(b) ("This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged.").

8

Lopez and Murphy observe that the trial court in this case ordered separate trials, whereas the trial court in *American Economy* did not. Given that Rules 38 and 51 prohibit the joinder that they seek, however, the denial of the severance is not ameliorated by the trial court's order of separate trials. The facts in *American Economy* and in this case stand in contrast to cases in which the parties dispute severance versus separate trials for insurance coverage claims and related extra-contractual claims, housed together in a direct action against an insurer by the insured. It is in the latter cases that the Texas Supreme Court has determined that a combination of factors may demonstrate whether separate trials or severance is necessary. *See Akin,* 927 S.W.2d at 629 (noting several factors for determining when severance from contract claims required for extra-contractual claims against insurer).

Because Essex's joinder in the case was prohibited by Texas Rules of Civil Procedure 38(c) and 51(b), we hold that the trial court erred in denying severance of the claims against Essex from the underlying personal injury liability action.

**B.  The relators lack an adequate remedy by appeal.**

Because Texas Rules of Civil Procedure 38(c) and 51(b) prohibited Essex from being joined in the underlying case, Essex has demonstrated that its joinder was improper. Absent mandamus relief, Essex would be required to participate in discovery and monitor a separate liability trial in the face of the prospect that Murphy

9

may not prevail on its suit for coverage and a defense, and with the prejudice that could result from having the same jury that determines Murphy's liability also determine Murphy's insurance coverage for that liability. The ultimate outcome of the separate trials would be subject to challenge based on improper joinder at the outset. Accordingly, we conclude that the benefits of mandamus review in this case outweigh its detriments and Essex lacks an adequate remedy by appeal. *See Am. Econ.*, 202 S.W.3d at 364 (insurer improperly joined as third-party defendant lacked adequate remedy by appeal from denial of severance).

## Conclusion

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its order denying Essex's motion for severance and to grant the motion to sever the relators into a separate cause. We are confident that the trial court will promptly comply; our writ will issue only if it does not. We lift the stay of proceedings. We deny any other pending motions as moot.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

10

**Chris Daniel - District Clerk**
**Harris County**
**Envelope No: 10951171**
**By: DARNELL, BRADLEY K**
**Filed: 6/2/2016 5:18:45 PM**

Pgs-

SPJU
4B

## CAUSE NO. 2013-29423

| | | |
|---|---|---|
| ISRAEL LOPEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES, | § | |
| | § | |
| *Defendant* | § | |
| _____ | § | HARRIS COUNTY,  T E X A S |
| | § | |
| MURPHY INDUSTRIAL, INC. D/B/A | § | |
| INTERSTATE INDUSTRIAL SERVICES, | § | |
| | § | |
| *Third-Party Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| ESSEX INSURANCE COMPANY and | § | |
| HECTOR ALDANA, | § | |
| | § | |
| *Third-Party Defendants* § | | 125TH  JUDICIAL  DISTRICT |

## <u>ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTION TO SEVER OR, IN THE ALTERNATIVE, CONTINUE TRIAL SETTING</u>

Before the Court is Third-Party Defendants Essex Insurance Company and Hector

Aldana's Motion to Sever. After review of the motion, and any responses, replies, or arguments

of counsel, the Court finds that the motion should be and hereby is GRANTED. Further the order deny

severance is hereby

VACATED.

Accordingly, the Court Orders the following:

1. Third-Party Defendants Essex Insurance Company and Hector Aldana are hereby severed from the remainder of this lawsuit with Cause No. 2013-29423;

2. The severed matter is to remain active and the Court issues Cause No. <u>201329423A</u> to the severed matter and is to be styled *Murphy Industrial, Inc. D/B/A Interstate Industrial Services v. Essex Insurance Company and Hector Aldana;*

2456362v1
03258.164

3.   The following documents are to be severed:
    A.   Defendant's Third-Party Petition, filed 03/01/16 (image #69202084);

    B.   Third-Party Defendants' General Denial, filed 05/13/16 (image #70245133);

    C.   Third-Party Defendants' Motion to Sever or in the Alternative Continue Trial
        Setting, filed 05/13/16 (image #70244925);
        1.   Affidavit of Jamie Carsey, filed 05/13/16 (image #70244928);
        2.   Proposed Order, filed 05/13/16 (image #70244930);

    D.   Third-Party Defendants' Supplement to Motion to Sever or, in the Alternative,
        Continue Trial Setting, filed 05/16/16 (image #70252234);
        1.   Affidavit of Jamie Carsey, filed 05/16/16 (image #70252235);
        2.   Notice of Oral Hearing, filed 05/16/16 (image #70252236);

    E.   Joint Response to Motion to Sever and Motion for Separate Trials, filed
        05/31/16 (image #70466935); and
        1.   Proposed Order, dated 05/31/16 (image #70466936).

4.   Murphy Industrial, Inc. shall pay all costs associated with the severance.

Signed:
12/2/2016

_____
JUDGE PRESIDING

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the  2nd  day of June, 2016, a true and correct copy of this document was served on all known counsel of record in accordance with the Texas Rules of Civil Procedure, as follows:

Mr. Ryan K. Haun
Haun Law Firm, P.C.
1201 Shephard Drive
Houston, Texas 77007
Fax: (713) 781-8601
ryan@haunlawfirm.com

David V. Wilson II
LeClairRyan
1233 West Loop South, Suite 1000
Houston, Texas 77027
Fax: (713)650-0027
david.wilson@leclairryan.com

***Counsel for Defendant/Third-Party Plaintiff***
***Murphy Industrial, Inc. dba Interstate Industrial Services***


Jason A. Gibson
Casey L. Jordan
The Gibson Law Firm
The Lyric Centre
440 Louisiana, Suite 2400
Houston, Texas 77002
Fax: (713) 650-1011

***Counsel for Plaintiff***
***Israel Lopez***


                                        /s. Cyrus W. Harlason
                                        CYRUS W. HARALSON

2469287v1
03258.164